## No. 6016.

THE STATE OF LOUISIANA VS. CHARLES ·CLINTON, AUDITOR, AND ANTOINE DUBUCLET, TREASURER. INVERVENTION AND RULE OF THE NEW ORLEANS REPUBLICAN PRINTING COMPANY.

It is not necessary to decide in this case whether ·the act of the thirtieth of March, 1875, or that published on the third of April, both numbered seventeen, be the law; for both acts embrace the same appropriation in favor of the Republican Printing Company, intervening in this suit, and both acts make appropriations in excess of the revenues for the year.

Courts can not be considered as changing or amending an appropriation bill and thereby trenching upon the functions of the legislative department, when they declare some items thereof valid and others void. Courts are only exercising their judicial functions when they determine that one part of a law is valid and another null. A law is entire, when each part has a general bearing upon the rest. In such a case, if any part be null, the whole is void. But a law may be partly valid, and partly invalid, when the parts are themselves entire, independent, and distinct from each other.

In this case each appropriation is distinct and independent, and distinct from each other.

In this case each appropriation is distinct and independent from the other, and any one may be unconstitutional without affecting the others, any more than if they were embraced in separate acts.

When seeking the legislative intention, this court will presume that the legislators intended to perform their sworn duty, by providing for the current necessary expenses of the government fixed by existing laws and for matured obligations not otherwise provided for, before creating any new obligations or conferring liberalities.

It is fair to infer from the titles of the acts in question that the Legislature only intended that the appropriations, other than those for current expenses, should be paid out of any moneys in the treasury *not otherwise* appropriated, that is, after the current necessary expenses should have been provided for.

Making appropriations for necessary current expenses is a duty, while making other appropriations for obligations not already existing, would rest in the discretion of the Legislature; and, when made without adequately providing a revenue to such appropriations, would be *creating a debt*, within the meaning of the constitution.

The claim of the Republican Printing Company is for a necessary current expense of the State. The laws must be published, the decisions of this court must be published, besides many other things which are required to be published by the State Printer.

The evidence in the record shows that services to the extent of nearly the whole appropriation had already been rendered, and that the appropriations for the necessary current expenses, under laws existing at the time, do not exceed the revenues provided for the year 1875.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *A. P. Field*, Attorney General, for the State, the Auditor, and Treasurer, appellants. *J. W. Thomas* and *A. C. Lewis*, for State Printer, intervenor and appellee.

LUDELING, C. J. On the seventh of April, 1875, the Attorney General of this State filed a petition in the Superior District Court of New Orleans praying for an injunction against the Auditor and the Treasurer of the State to prevent the one from auditing and warranting for, and the other from paying, any of the appropriations embraced in the acts

202      SUPREME COURT OF LOUISIANA,

The State of Louisiana vs. Charles Clinton and Antoine Dubuclet.

entitled an act making appropriations, etc., passed in 1875, and both numbered seventeen, for the following reasons: He alleges that two acts have been published, having the same number and title, whereas only one general appropriation bill was passed by the General Assembly; that the bill promulgated on the thirtieth of March, 1875, and not the bill promulgated on the third of April, must be regarded as the true act, as the Governor's authority to sign the bill was exhausted when he approved and signed the first, and that both acts are unconstitutional, being in violation of the third amendment to the State constitution, adopted in November, 1874, inasmuch as the appropriations are in excess of the revenues for the year. The prayer of the petition is that the second act be declared a nullity for the reasons stated, and that the first act be declared unconstitutional and void, and that the Auditor and Treasurer be enjoined from warranting for and paying any of the sums specified in said two acts.

The judge a quo issued an injunction as to some of the items of said bill, and as to portions of other items. The Republican Printing Company intervened in that proceeding, and, alleging that it was injured by said injunction, took a rule upon the State, the Auditor, and Treasurer, to show cause why the injunction should not be set aside, so far as it affected the Printing Company.

The Attorney General filed an answer for all the defendants in the rule, adopting the allegations of his petition for the injunction.

No objection has been made to the manner of proceeding in this case. We will proceed, therefore, to decide the questions which we deem necessary to determine the rights of the parties in this case.

It is not necessary to decide, in this case, whether the act of the thirtieth of March, or that published on the third of April, be the law, for both acts embrace the same appropriation in favor of the Republican Printing Company, and both acts make appropriations in excess of the revenues for the year.

The first question to be decided is whether the whole act shall be declared void because it makes appropriations in excess of the revenues, or whether only so much thereof as is in excess shall be declared null? This is a very important and delicate question, for if the law were to be declared wholly void, there could be no moneys drawn from the treasury for the current expenses of the State government; while, on the other hand, it might seem that the courts were trenching upon the functions of the legislative department in changing or amending an appropriation bill, if they declared some items thereof valid and others void. But this is not so in reality. The courts are only exercising their judicial functions when they determine that one part of a law is valid and another null. A law is *entire* when each part has a general bearing on the rest.

In such a case, if one part be null, the whole is void. But a law may be partly valid and partly invalid when the parts are themselves entire, independent, and distinct from each other. Thus in this case each appropriation is distinct and independent from the others, and any one may be unconstitutional without affecting the others any more than if they were embraced in separate acts. If each appropriation in these bills had been made in separate acts, bearing the same date, could it be maintained that because the Legislature had made appropriations in excess of the revenues of the State, all the several acts were unconstitutional? We think not. It would be the duty of the court to ascertain the legislative intention so as to give effect to as many of said laws as possible, without violating the constitution. When seeking the legislative intention, we will presume that the legislators intended to perform their sworn duty, by providing for the current necessary expenses of the government, fixed by existing laws, and for matured obligations not otherwise provided for, before creating any new obligations or conferring liberalities.

This presumption is supported by the title of the bills in question—it is "an act making appropriations for the general expenses of the State for the year 1875; providing for deficiencies existing in appropriations for the year 1874, and for the payment of claims and obligations due by the State of Louisiana prior to the first day of January, 1874; providing for and regulating the payment and auditing of said claims and obligations out of the revenues of the years in which said obligations were issued or said claims incurred; providing for and regulating the manner of auditing, warranting, and liquidating said claims and obligations, and providing for the receipt of certain warrants in payment of certain taxes due the State, and to provide for the absorption of the floating indebtedness."

And it is fair to infer that they only intended that the appropriations, other than those for current necessary expenses, should be paid out of any moneys in the treasury *not otherwise appropriated*, that is, after the current necessary expenses should have been provided for. Making appropriations for necessary current expenses is a duty, while making other appropriations, for obligations not already existing, would rest in the discretion of the Legislature, and, when made, without adequately providing a revenue to meet such appropriation, would be *creating a debt* within the meaning of the constitution. 23 An. 403.

Is the claim of the Republican Printing Company for a necessary current expense of the State? This is not denied, nor could it well be denied. The laws must be published, the decisions of this court must be published, besides many other things which are required to be published by the Public Printer. The evidence in the record shows that services to

the extent of nearly the whole appropriation had already been rendered, and that the appropriations for the necessary current expenses, under laws existing at the time, do not exceed the revenues provided for the year 1875.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs.