## No. 1066.

PARISH OF ST. LANDRY EX REL. FONTENOT, ROAD-OVERSEER, VS. ALFRED B. STOUT.

This Court will not consider the question of the constitutionality of a law, unless necessary to the decision of a cause.

Part of the section of a law may be unconstitutional and another part of the same section may be constitutional.

APPEAL from the Second Justice's Court, Second Ward, parish of St. Landry.   *Poiret, J.*

F. Perodin, Parish Attorney, for Plaintiff and Appellee.

Kenneth Baillio for Defendant and Appellant.

The Legislature *alone* can create *new* crimes, and can alone provide for their punishment criminally.   Municipal corporations cannot, as this is a branch of the sovereign power not delegated to them.

Ordinances of municipal corporations must not conflict with either the Constitution or laws of the State ; and in so far as they do so conflict, they are null and void.

Imprisonment for debt was abolished in this State by statute.

The Constitution of 1879 provides : "Art. 5.   There shall be neither slavery nor involuntary servitude in this State, otherwise than for the punishment of crime, whereof the party shall be duly convicted."   *   *   *

"Art. 9.   Excessive bail shall not be required, nor excessive fines be imposed, nor cruel and unusual punishments inflicted."   *   *   *

---

The opinion of the Court was delivered by

FENNER, J.   The 12th section of an ordinance of the Police Jury of

the parish of St. Landry, providing for the police of the public roads, imposes upon delinquents in the performance of road duty, a penalty of " five dollars per day for each person so neglecting or refusing, to be recovered with costs, by judgment before any justice of the peace in the parish, and paid by said justice to the overseer; and in default of payment of said fine, the persons so failing to pay shall be imprisoned in the Parish Prison thirty days, said imprisonment to be enforced by information or indictment before the District Court; and it shall be the duty of the different road-overseers of the parish to furnish the District Attorney with a list of all such persons who fail to pay said fines without delay."

It will be observed that the ordinance imposes two distinct penalties, arising under different circumstances, and to be enforced in different forums; viz:

1st. A fine recoverable, at the suit of the road-overseer for the benefit of the parish, by judgment of a justice of the peace, rendered contradictorily with the delinquents.

2d. In event of non-payment of the fine, imprisonment in the Parish Prison to be enforced, on information or indictment, by the District Court of the parish.

This appeal is taken from a judgment of a justice of the peace condemning defendant to pay the sum of five dollars as the fine imposed under the ordinance quoted.

It is a case involving " the constitutionality or a legality of a fine imposed by a municipal corporation," and is, therefore, appealable. The motion to dismiss the appeal must, hence, be overruled.

It has, however, been correctly decided that the ordinance of a police jury, imposing a fine on persons failing or refusing to work on the public roads, is constitutional.

St. Martin vs. Delahoussaye, 30 A. 1092. We do not understand that defendant contests the correctness of this as a general legal proposition; but he contends that that portion of section 12 of the ordinance referred to, authorizing a criminal prosecution and punishment by imprisonment in the event of non-payment of the fine, is unconstitutional, and that, thereby, the entire section is invalidated. We must observe the rule that courts will not entertain questions as to the constitutionality of laws except where necessary to the decision of causes; and we content ourselves with saying that, if the part of the section last referred to were unconstitutional, it would not affect the validity of that portion of the section upon which the present suit is based. See State *ex rel.* Lucas E. Moore vs. City of New Orleans, recently decided, where this subject is fully discussed, and numerous authorities quoted.

Defendant, however, contends that if we refuse to determine the

constitutionality of the part of the statute objected to, in this case, he will be without remedy against heavy criminal penalties which may be imposed on him under a law which he asserts is unconstitutional, because he says that, in a case where appeal was taken from a sentence of the District Court imposing this penalty of imprisonment, the appeal was dismissed in this Court for want of jurisdiction.

State vs. Wikoff, 28 A. 654.

Whatever may have been the result of these decisions under the late Constitution, defendant is not left without remedy, under Article 90 of the present Constitution as interpreted by us in the case of the State *ex rel.* Wells vs. City of New Orleans, recently decided ; and the remedy is indicated in the proceedings had in the case of State *ex rel.* Carcass vs. Judge, also recently decided by us, and not yet reported.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed, defendant paying costs of appeal.