State vs. Goff.

No. 14,147.

STATE OF LOUISIANA vs. THOMAS GOFF.

SYLLABUS.

ON THE MOTION TO DISMISS.

Article 85 of the Constitution of 1898 confers jurisdiction on the Supreme Court
regardless of the nature of the crime, whether a felony or a misdemeanor, in
all cases in which a law of the State has been declared unconstitutional.

The motion to dismiss is denied.

ON THE MERITS.

The title of the statute conforms with the Constitution as relates to "labor con-
tracts" exclusively. The body of the statute contains two objects, one legal
and plain enough ; the other illegal, because of its vagueness and uncertainty.
Besides being vague and uncertain, the latter is not covered by the title.

Where the act is broader than the title, part of it can stand, because covered by
the title ; and the object, not indicated by the title, can be eliminated. That
which remains can be enforced, if sensible and capable of being enforced. The
remaining part is complete and can be enforced. State vs. Ferguson, 104 La.
253 ; Cooley's Constitutional Limitations, p. 181.

APPEAL from Seventh Judicial District, Parish of Richland.—
Gray, J.

Walter Guion, Attorney General, and John R. McIntosh, District
Attorney (Lewis Guion, of Counsel), for Plaintiff, Appellant.

Jeff B. Snyder, for Defendant ,Appellee.

The opinion of the court was delivered by

BREAUX, J.    The defendant was indicted for interfering with a
labor contract. The statute denounces as a misdemeanor the inticing
or inducing away of a laborer from his employer, or the place rented,
before the expiration of his contract, upon which money or goods have
been advanced, without first tendering to the person by whom the
advances are made the rent or the value of the goods advanced. The
penalty consists of a fine in a sum not less than ten, nor more than two
hundred dollars, and in default of payment, imprisonment a stated
number of days is to follow.

The defendant moved to quash the indictment, and to that end
alleged that Section 2 of Act 50 of 1892 conflicts with Article 31 of the

Constitution of this state, which provides that every law of the General Assembly must embrace one subject only and that this subject must be indicated in the title.

The judge of the district court sustained the motion. The State prosecutes this appeal.

## On Motion to Dismiss the Appeal.

The defendant and appellee urges as ground to dismiss the appeal that the Constitution makes no provision for an appeal in the misdemeanor with which the accused is charged.

No one will deny that Article 85 of the Constitution of 1898 invests this court with jurisdiction on appeal in *all cases* in which an ordinance of a municipal corporation, or a law of this State, has been declared unconstitutional in civil cases. But the contention of the learned counsel for the defendant is that the grant of jurisdiction is limited to *civil matters*. He bases his argument upon the words which follow the paragraph to which we have just referred, limiting appealable cases to questions of law alone, "whenever the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding three hundred dollars, or imprisonment exceeding six months, is actually imposed;" and that, in consequence, Act 50 of 1892, as relates to appeal, does not come within the grant of jurisdiction.

"When a law of this State has been declared unconstitutional," must be held to refer to all cases, whether in civil or criminal matters, unless restricted in terms in another part of the article. The words which follow, viz: "And to criminal cases on questions of law alone," and those following in the article, add to the extent of the jurisdiction instead of restricting the jurisdiction. We have every reason to infer that if it had been the intention to limit the jurisdiction to civil matters, it would have been expressly stated, and that the words "all cases" would not have been used.

The issue falls directly within the terms of the Constitution granting to the State the right to be heard in support of the constitutionality of the law which has been declared unconstitutional. The issue is not one in which the defendant attacks the law as unconstitutional, but it relates to a decision in which a statute was declared unconstitutional. It is evident it was not the intention to let different antagonistic action be taken by the courts, the one holding a law constitutional and the

other unconstitutional in unappealable cases. There was necessity in this respect to maintain the uniformity of jurisprudence, and to that end, we think the words "in all cases wherein a law has been declared unconstitutional" have been inserted in this article.

## On the Merits.

Part of the statute does not seem to limit the misdemeanor to interference with a labor contract. The words: "inducing the laborer to leave the place rented, before the expiration of his contract," and "damages as," relates to "landlord," in the line before the last of Section 2 of the statute, are not as certain as should be the language of a law.

The title is not in itself defective. The statute is broader than its title. The title indicates that the purpose is to "enforce labor contracts," and to make certain acts, as relates to laborers, a misdemeanor. There is certainly in this, as relates to a title, nothing objectionable. We have said, in the second place, that the statute is broader than its title. The words before quoted from the statute relating to "landlord" and "place rented," do not fall within the scope of the title. It is foreign to the object as indicated by the title. It relates to lease, and as set out in the statute, is not *germane* to, or part of the object covered by, the title.

Having arrived at the conclusion that the act is broader than the title, we are next led, by the issues, to inquire as to whether the legal part of the statute can stand, and is not destroyed by the effect of the illegal part. The legal part would not escape from the oblivion to which the illegal part would carry it if they were inseparable; if one was intimately connected with the other, so as to render a separation of the two impossible. The first part relates to the laborer and the necessity of his being let alone, and that he be not improperly influenced; and the other relates to the "place rented." The good and the bad cannot stand together, but the good can be separated from the illegal and given the effect intended. Law is not law if it violates the Constitution, but this relates to the part which violates it, or is obnoxious to its requirements. This court said in a well considered case: "Courts and text writers have long since settled that, where a part of a statute is constitutional, and a part unconstitutional, it is permissible

to separate the good from the bad." State vs. Ferguson, 104 La. 253, citing several decisions.

Under this principle of interpretation, we would not be justified in adopting in all cases the rule *nullus in uno, nullus in omnibus,* for we have seen that an act may well be null in one, and in other respects legal and constitutional. Here, without regard to the last part of the sentence, the first part has a defined purpose not to be misunderstood, which clearly enough sets forth the legislative will. Mr. Cooley, in his work on ConstitutionalLimitations, p 181, regarding the effect where the act is broader than the title, says: "But, if the act is broader than the title, it may happen that one part of it can stand, because indicated by the title, while as to the object not indicated by the title it must fall. Some of the State Constitutions, it will be perceived, have declared that this shall be true; but the declaration was unnecessary; as the general rule, that so much of the act as is not in conflict with the Constitution must be sustained, would have required the same declaration from the courts. If by striking from the act all that relates to the object not indicated by the title, that which is left is complete in itself, sensible, capable of being executed, and wholly independent of that which is rejected, it must be sustained as constitutional."

In the case at hand, that which is left is complete. It never was conjunctively made a part of that which we think should be considered eliminated. The word "or" sufficiently disconnects the two to separate them.

The policy of the statute is not before us for consideration, only the legislative will. The case will have to be reinstated, and the defendant left to all his defenses, except the one constitutional ground specially invoked by him and overruled.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment appealed from which sustains the motion to quash on the grounds mentioned, is avoided, annulled and reversed.

It is further ordered, adjudged and decreed, that the case be reinstated on the docket of the court and that it be proceeded with according to law.