(36 South. 204.)

No. 15,131.

WATSON v. McGRATH.

(March 14, 1904.)

CITY TREASURER—APPOINTMENT TO FILL VACANCY—INJUNCTION—OFFICER DE FACTO.

1. If the Legislature has power under the Constitution to provide for the temporary, but not for the permanent, filling of a vacancy in a municipal office by appointment by the mayor, and the only provision it makes is for the permanent filling of the vacancy, and it appears, however, that the clear intention was that the mayor's appointee should have charge of the office, this intention will be given effect to the extent of its constitutionality; that is to say, to the extent of authorizing the mayor's appointee to have charge of the office ad interim.

2. A statute may be constitutional only in part, or with regard to certain persons or things, or up to a certain point of its operation, and in other respects unconstitutional. The rule is to let it have operation within the scope of its constitutionality, if the legislative intent to that effect is clear and unmistakable.

3. It does not suffice for plaintiff in injunction to show absence of right in the defendant. He must show right in himself.

4. An officer may be an officer de facto notwithstanding the unconstitutionality of the statute under which he has been appointed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by John W. Watson against Patrick McGrath. Judgment for defendant, and plaintiff appeals. Affirmed.

Harry H. Hall, for appellant. Samuel L. Gilmore, City Atty. (Thomas H. Thorpe, of counsel), for appellee.

PROVOSTY, J. The treasurer of the city of New Orleans having died when his 4-years term of office had 18 months yet to run, the mayor appointed defendant as succeeding treasurer, and defendant qualified. The duty to act as treasurer until such an appointment should have been made, and the appointee have qualified, had devolved at the death of the treasurer upon plaintiff, the chief deputy or clerk of the office. For all this the charter makes express provision. Sections 18, 22, 25, 77; Act No. 216 of 1902, p. 445, § 22.

Plaintiff challenged the right of defendant to take charge of the office, and brought the present injunction suit to maintain himself in possession.

He bases himself on article 319 of the Constitution, by which the treasurer of the city of New Orleans is required to be elected by the people, and contends that the provision of the charter for the appointment of a treasurer by the mayor is unconstitutional, null, and void, and that in consequence the appointment by the mayor has conferred no authority whatever upon defendant to have charge of the office.

The issue in the case is as to which—plaintiff or defendant—is entitled to have charge of the office.

We think defendant is, because he is the person, and the only person, designated by the charter to have charge. In view of article 319 of the Constitution, he may not be technically treasurer, and the vacancy may not be technically filled, and an election may have to be held to fill the vacancy, but some provision had to be made for carrying on the office—and this plaintiff himself recognizes, since he is claiming the office by virtue of such a provision—and this provision must be given effect, so far as is compatible with the Constitution; and it is thus compatible to the extent of letting defendant have charge of the office until an election can be held, if one is necessary, which we are not called upon in this case to decide. A statute may be constitutional only in part, or with regard to certain persons or things, or up to a certain point of its operation, and in other respects unconstitutional. The rule is to let it have operation within the scope of its constitutionality, if the legislative intent to that effect is clear and unmistakable. Moore v. City of New Orleans, 32 La. Ann. 726. Here the clear and unmistakable legislative intention was that in case of the death of the treasurer the mayor should appoint some one to have charge of the office, who should furnish the bond required by law of a treasurer.

Because the Legislature desired that this appointee should have the office during the whole unexpired term, and so provided, is no reason for denying to him the right to hold it at least for the term for which the Legislature had clear constitutional authority to give it to him.

But if the charter provision for an appointment by the mayor is conceded to be unconstitutional, null, and void in toto, plaintiff's case is not benefited thereby. Plaintiff is a plaintiff in injunction. He must show a right in himself. It does not suffice for him to show absence of right in his adversary. If, as chief deputy or clerk, he is not entitled to hold the office, he has no right to an injunction, no matter what the authority, or no authority, of the defendant may be. Now, plaintiff is not an officer whose mandate, expressly or impliedly, requires him to hold the office until some one may qualify to take it. Plaintiff's mandate was special, ad hoc. It was to act as treasurer until this appointment should be made by the mayor, and the appointee have qualified. Therefore his own authority terminated with this appointment, no matter what authority the appointment may or may not have conferred upon defendant. If no authority was conferred on the appointee, then the situation might be that no one had authority to act as treasurer; but, certainly, under the express terms of the charter, the authority to plaintiff was withdrawn, as an effect of this appointment. The idea of the Legislature, evidently, was that only a day or two would be required for the mayor to make this appointment, and the appointee to qualify, and that this brief interregnum could be safely bridged over by letting the chief deputy of the office act, with only such bond as he had theretofore furnished. The Legislature had no idea to consent that this important office should be filled by a deputy or clerk during the possibly protracted time until an election by the people could be held to provide a regular incumbent, and still less that it should be so filled for a space of 18 months, for, as we understand, no provision has been made by law for the holding of a special election to fill the vacancy in this office. The clearly expressed intention was that the authority to this deputy to act should terminate with the qualifying of the mayor's appointee.

The learned counsel of plaintiff says that the amount of the bond to be given by this chief deputy or clerk is required to be fixed by the council, and that at the death of the treasurer the council might exact a new bond commensurate in amount with the additional responsibilities of this deputy. The answer to this is twofold: The first answer is that, if the council may increase the bond, so it may decrease it, and that the Legislature has not consented to leave the matter of the bond of the treasurer of the city of New Orleans to the discretion of the council, except to the limited extent specially provided, namely, that the council should fix the bond of this chief deputy, and that in case of the death of the treasurer this chief deputy should act as treasurer during the few days that might be required for some one to be appointed and to qualify by giving the bond required by law of a treasurer. The second answer is that it is not clear that the intention of the statute is that this deputy or clerk shall give a new bond before acting as treasurer, or that a new or additional bond can be required of him. Pending the furnishing of this new bond, there would be a break in the continuity of the office—the very thing to avoid which the deputy or clerk was authorized to act; and the deputy or clerk might put his own construction on the law and refuse to give this new bond, and pending the squabble the office would come to a standstill, and the interregnum not be bridged at all.

In the course of the argument above, it is said that plaintiff has no authority, even though defendant has none. It was only by way of argument that the possibility of there being no one to have charge of the office was thus assumed. The fact is that, no matter how destitute of legal life defendant's title may be, it, in connection with the recognition and countenance of the mayor and city council, makes him treasurer de facto, and, as such, qualified to carry on the office, at least for the time being. It is well settled that an officer appointed under an unconstitutional law may be an officer de facto, and his acts as such be valid, and a protection to all parties dealing with him in his apparent legal capacity. Am. & Eng. E. of L., vol. 8, p. 775.

Judgment affirmed.