(83 South. 384)

No. 22162.

CALCASIEU LONG LEAF LUMBER CO. et al. v. REID, Tax Collector, et al.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

1. STATUTES ⬤�415464(8)—EFFECT OF PARTIAL INVALIDITY OF STATUTE RELATING TO MINING OR LUMBERING LICENSE.

Act No. 196 of 1910, imposing license tax on those engaged in severing timber or minerals from the soil, was enacted before the exemption of mining pursuits from license taxes by Const. art. 229, was removed by amendment pursuant to joint resolution, Act No. 154 of 1910, and as the part taxing mining pursuits was therefore declared invalid, the whole statute must fall; the provisions taxing the occupation of severing timber not being independent from the others.

2. STATUTES ⬤�415464(1)—INVALIDITY OF PART AS AFFECTING REMAINDER.

Where part of a statute is invalid, the remainder may be upheld, if so separate and distinct that a court can conclude that it was the intent of the Legislature that the valid provision should be enforced, without regard to the provision declared invalid.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Consolidated suits by the Calcasieu Long Leaf Lumber Company and others against H. E. Reid, Tax Collector, and others, to enjoin collection of certain license taxes. From a judgment in plaintiffs' favor, defendant Tax Collector appeals. Affirmed.

A. V. Coco, Atty. Gen., and E. R. Kaufman, of Lake Charles (Harry P. Sneed, of New Orleans, of counsel), for appellant.

A. P. Pujo, of Lake Charles, for appellees.

O'NIELL, J. The defendant tax collector appeals from a judgment rendered in five consolidated suits, having the same issues.

Plaintiffs sued to prevent by injunction the collection of the license tax, for the years 1911 and 1912, imposed by Act No. 196 of 1910 upon the business of severing timber from the soil. They contend that the statute, which has been superseded by subsequent legislation, was unconstitutional, for several reasons set forth in the petitions. The district court declared the statute unconstitutional for only one of the reasons alleged in plaintiffs' petitions; that is, that this court had, in the case of Etchison Drilling Co. v. Flournoy, Tax Collector, 131 La. 442, 59 South. 867, annulled the statute as unconstitutional in part, and that the nullity so decreed affected the entire statute.

Act No. 196 of 1910 (page 329) imposed a license tax upon every person, association, business firm, or corporation, pursuing the business of severing from the soil timber and minerals subject to license under article 229 of the Constitution. At that time article 229 of the Constitution expressly excepted from license taxation those engaged in mining pursuits. The article was therefore amended, at the November election of that year, pursuant to the joint resolution, Act No. 154 of 1910 (page 234), by omitting from the list of occupations or pursuits that were exempt from license taxation "mining pursuits," and by adding a paragraph declaring that those engaged in the business of severing from the soil natural resources, as timber and minerals, might be rendered liable for a license tax.

Recognizing that, in so far as mining pursuits were concerned, Act No. 196 of 1910 would be contrary to article 229 of the Constitution, as it then stood, the General Assembly declared, in the concluding section of the statute, that it should not go into effect unless and until the proposed amendment to article 229 of the Constitution should be adopted.

[1] In the Etchison Drilling Company's Case it was held that the amendment of the Constitution could not operate retrospectively, so as to validate the law imposing a license tax on those engaged in mining pursuits. That decree, whether right or wrong, is final. The question of constitutionality of the law imposing the license tax upon persons engaged in severing timber from the soil was not presented in that case. But the district judge has held, in the case before us, that the intention of the General Assembly was to impose this license tax, or conservation tax, upon both occupations together, and not upon either one independently of the other. And we are of the same opinion.

[2] Of course, there are cases where a statute may be valid in one respect and invalid in another. But they are cases where the two parts of the law are so distinct and separable that the court can conclude that the intention of the Legislature was that the valid provisions of the law should be enforced, without regard for the provisions declared invalid. If the objectionable and the unobjectionable provisions of a statute are not distinct and separable, to declare the one provision invalid and the other enforceable would be to substitute for the law as enacted one which the Legislature might not have been willing to enact. The first section of this statute, in one sentence, and without distinction, levies the license tax upon persons, etc., "pursuing the business of severing from the soil timber and minerals." In subsequent sections, necessarily, the tax on each occupation is graded separately. But the evidence in the record shows that the revenue to be collected from those engaged in mining pursuits was at least as much as the revenue to be collected on the business of severing timber from the soil. The fact that the Legislature would not impose the tax upon those engaged in the business of severing timber from the soil until it could be also imposed validly upon those engaged in mining pursuits convinces us that the Legislature did not intend to levy the tax upon the business of severing timber from the soil, independently and without regard to the levy of the tax upon mining pursuits.

The judgment appealed from is affirmed.