(105 So. 608)

No. 25431.

SAUNDERS v. CITY OF OPELOUSAS.

(Nov. 3, 1924. On the Merits, June 22, 1925. Rehearing Denied Oct. 6, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Courts** ⬤⇒224(6)—**Supreme Court held to have jurisdiction because of attack on constitutionality of statute.**

Where certificate of indebtedness issued by city for construction of sidewalks showed on its face that obligation which it evidenced was to be discharged only out of funds derived from special assessments levied by ordinance adopted pursuant to Act No. 147 of 1902, constitutionality of which was attacked, Supreme Court had jurisdiction on appeal, under the sixth paragraph of Const. 1921, art. 7, § 10, regardless of amount.

On the Merits.

2. **Municipal corporations** ⬤⇒266—**Provision of statute relative to repeal of conflicting provisions in city charters held to relate only to cities or towns operating under legislative charters.**

Act No. 147 of 1902, § 5, providing that nothing in act which empowers cities to levy and collect special taxes for sidewalk improvement "shall be construed or taken to repeal or affect any contrary or conflicting provisions in any existing charter of any city or town," relates only to cities and towns existing under legislative charters, provisos of which are to be saved, rather than under general law.

3. **Constitutional law** ⬤⇒42—**City operating under general law held not in position to attack validity of provision of statute relating only to legislative charters of cities incorporated under special acts.**

City operating under provision of general law, Act No. 136 of 1898, rather than under legislative charter, cannot attack validity, under Const. 1898, art. 31, of Act 147 of 1902, on ground that section 5 thereof, saving contrary or conflicting provisions of any existing charter, is in conflict with title of act reciting that one of purposes of act was to repeal inconsistent provisions of charter, or other laws, in hope that if such section was unconstitutional whole act, under which it had incurred an indebtedness, might be invalid.

4. **Statutes** ⬤⇒64(1)—**Rule as to invalidity of whole act, arising from invalidity of part, stated.**

If part only of statute is unconstitutional, and constitutional part is complete and independent of unconstitutional part, unconstitutional part may be rejected without affecting whole statute, which rule applies even to single sections in part unconstitutional.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by Paul H. Saunders against the City of Opelousas. Judgment for plaintiff, and defendant appeals. Motion to dismiss appeal denied. Judgment affirmed.

Peyton R. Sandoz, of Opelousas, for appellant.

Dubuisson, Perrault & Burleigh, of Opelousas, for appellee.

By the WHOLE COURT.

On Motion to Dismiss.

ROGERS, J. Appellee moves to dismiss defendant's appeal on the ground that this court is without jurisdiction ratione materiæ.

Plaintiff's suit is to recover a balance of $586.50, with interest, due on a certificate of indebtedness issued by the defendant municipality for the construction of sidewalks. The defense is that the statute (Act No. 147

of 1902) under which the certificate was issued is unconstitutional; and, alternatively, that the claim sued on is prescribed under the provisions of Act 46 of 1918.

From a judgment in favor of plaintiff as prayed for, defendant appealed.

The amount in dispute is clearly insufficient to vest jurisdiction in this court, and if no other issue was involved we would be powerless to make any order except one dismissing the appeal or one transferring the cause to the Court of Appeal.

[1] Defendant, however, has set up the unconstitutionality of the statute under which the certificate of indebtedness was issued. Plaintiff contends this plea is insufficient to confer jurisdiction on this court because the statute was not "declared unconstitutional" by the court below.

The certificate, which is annexed to and made part of the petition, shows on its face that the obligation which it evidences is to be discharged only out of the funds derived from the special assessments levied by ordinance of the board of aldermen of the defendant municipality against certain property owners on account of sidewalk construction abutting their properties. The ordinance was adopted pursuant to the provisions of Act 147 of 1902. The attack on the constitutionality of the statute necessarily involves the validity of the ordinance levying the special assessments to defray the cost of the construction of the sidewalks.

Under the provisions of paragraph 6 of section 10 of article 7, page 40, of the Constitution of 1921, appellate jurisdiction is conferred upon this court—

" * * * in all cases wherein the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the state. or by any parish, municipality, board, or subdivision of the state is contested * * * whatever may be the amount thereof. * * * "

The motion to dismiss is therefore denied.

### On the Merits.

O'NIELL, C. J. This suit is brought on a certificate of indebtedness issued by the defendant, city of Opelousas. The certificate was one of a series of certificates issued to a contractor, R. C. Huston, as evidence of an indebtedness due under a contract for paving sidewalks. The contract was completed by Huston to the satisfaction of the city, and was partly paid for. The certificate sued on was acquired by the plaintiff by assignment indorsed on the certificate and signed by Huston, thus:

"This certificate and so much of the contract price named in the contract between the city of Opelousas, La., and R. C. Huston, contractor, for the construction of sidewalks in the city of Opelousas, La., under contract of March 16, 1909, as is represented by this certificate, is assigned to the holder hereof, and such holder is hereby subrogated to all rights to receive the amount named in this certificate, and is subrogated to each and every right existing under the ordinance and the contract, to enforce payment of same."

The city pleaded, in defense of the suit, that the statute under which the paving contract was made and the certificates issued (Act 147 of 1902), was, because of a difference between the title and the text of the act, violative of article 31 of the Constitution of 1898, requiring that a statute should have only one object, which should be expressed in its title. The district court overruled the plea and gave judgment for the plaintiff. The city has appealed from the decision.

The defect in the Act 147 of 1902 is that, in its title, it is said that the act shall repeal such provisions of town or city charters as are inconsistent with the act, whereas, in the repealing clause, in the fifth or last section of the act, is a proviso declaring that nothing in the act shall be construed or taken to repeal or affect any contrary or conflicting provision in any existing charter of any city or town.

The title of the act is:

"An act empowering cities and towns (the city of New Orleans and city of Shreveport excepted) having a population exceeding twenty-five hundred, all parish sites, and less than fifty thousand, to pave, gravel, macadamize, or otherwise improve sidewalks and curbings, and to levy and collect special taxes and local contributions on real estate abutting the same, to defray the cost of such work or improvement, and repealing such provisions of town or city charters, or any other laws, as are inconsistent herewith."

The repealing clause, which is the fifth and last section of the act, reads thus:

"Be it further enacted, etc., that all laws or parts of laws in conflict herewith are hereby repealed; provided, however, that nothing contained in this act shall be construed or taken to repeal or affect any contrary or conflicting provisions in any existing charter of any city or town."

[2, 3] This proviso, purporting to reserve in full force and effect all contrary or conflicting provisions in the charters of existing cities or towns, has reference to the legislative charters of the cities or towns that are incorporated under special acts, and to local or special laws amending such charters, and not to any general law on the subject of sidewalk paving and curbing, such as the provisions of Act 136 of 1898, entitled, "An act for the creation and government of municipal corporations throughout the state and defining their powers and duties and providing for the extension or contraction of their limits." The purpose of the proviso, manifestly, was to make sure that the new general law on the subject of sidewalk paving and curbing should not be construed as repealing any local or special law on the subject.

[4] The city of Opelousas is governed by the Act 136 of 1898, having elected to come under its provisions, as provided in fortieth section of the act. The city is therefore not concerned with the question of validity or invalidity of the proviso in the repealing clause of the Act 147 of 1902, purporting to reserve in force any provision in any city or town charter that may be contrary to the provisions of the Act 1902, except for the argument that, if this proviso should be declared unconstitutional, the effect might be to annul the whole act. If the proviso, relating to special charters, and the reference thereto in the title of the Act of 1902, should be declared invalid and regarded as not written, the statute would yet be complete, and, if valid, would apply to the city of Opelousas. If a statute is in part constitutional and in part unconstitutional, and the constitutional part is complete and independent of the unconstitutional part, the unconstitutional part may be rejected without destroying the whole statute. Moore v. City of New Orleans, 32 La. Ann. 726, 742, 743; St. Landry Parish v. Stout, 32 La. Ann. 1278; State v. Goff, 106 La. 270, 30 So. 844; Watson v. McGrath, 111 La. 1097, 36 So. 204; Calcasieu Long Leaf Lumber Co. v. Reid, Tax Collector, 146 La. 77, 83 So. 384; Cooley on Constitutional Limitations (4th Ed.) pp. 214 et seq.; 36 Cyc. 976. The rule applies even when only a section of an act is in part constitutional and in part unconstitutional. State v. Clinton, 28 La. Ann. 201. And the rule is deemed particularly applicable to statutes relating to public works and improvements, viz.:

"Acts relating to public works and improvements, the acquisition of land therefor, and the assessment of damages and benefits, are valid even though they contain unconstitutional provisions, where, after eliminating such provisions, sufficient of the act remains to carry out its general purpose." 36 Cyc. 981.

Whether this rule applies where the unconstitutional part of the statute is not intrinsically so, but only so because it goes beyond or is contrary to the object expressed in the title of the act, is a question which we are not obliged to decide in this case. In State v. Goff, 106 La. 270, 30 So. 844, the object of the statute then in question went

further than the object stated in the title, and the ruling was that the statute was valid in so far as its object was expressed in its title, though otherwise invalid. In the case before us, we deem it sufficient to say that a city or town that is governed by the general law governing municipal corporations (Act 136 of 1898), and not by a special charter, is not particularly concerned with the validity of the proviso in the repealing clause of Act 147 of 1902, purporting to reserve in force the provisions of city and town charters on the subject of paving and curbing sidewalks, and should not be allowed to plead successfully that the proviso in the repealing clause of the statute of 1902 is unconstitutional, with the hope that, if it should be so adjudged, the whole act might be declared invalid. Under the Act 136 of 1898, subdivisions 19, 22, and 30 of section 15, and section 34, a city or town that is governed by the act has authority to levy special assessments for paving and curbing sidewalks. The method of procedure is somewhat different from the method provided in the Act of 1902, but that is not important here. It will be time enough to decide whether the proviso in the repealing clause of the Act of 1902 is valid if a town or city that was governed by a special charter when the statute of 1902 was enacted ever undertakes to repudiate an obligation incurred for paving or curbing sidewalks, on the question of validity of the proviso in the repealing clause of the statute of 1902.

Hitchcock v. City of Galveston, 96 U. S. 341, 24 L. Ed. 659, is appropriate to this case. The city of Galveston contracted with Hitchcock & Byrnes for the construction of sidewalks, to be paid for in bonds. When the contract was partly executed, the city undertook to repudiate its obligation for want of authority to issue the bonds. The contractors sued the city for damages for breach of the contract. The judgment of the court be-

low was in favor of the city, sustaining a demurrer. On appeal, the judgment was reversed. We quote from the syllabus of the decision, viz.:

"Although there may be a defect of power in a corporation to make a contract, yet if a contract made by it is not in violation of its charter nor of any statute prohibiting it, and the corporation has by its promise induced a party relying on the promise and in execution of the contract to expend money and perform his part thereof, the corporation is liable on the contract."

In deciding the case, Justice Strong, for the court, said:

"In the view which we shall take of the present case, it is, perhaps, not necessary to inquire whether those cases [meaning the decisions which the court below cited] justify the court's conclusion; for, if it were conceded that the city had no lawful authority to issue the bonds, described in the ordinance and mentioned in the contract, it does not follow that the contract was wholly illegal and void, or that the plaintiffs have no rights under it. They are not suing upon the bonds, and it is not necessary to their success that they should assert the validity of those instruments. It is enough for them that the city council have power to enter into a contract for the improvement of the sidewalks; that such a contract was made with them; that under it they have proceeded to furnish materials and do work, as well as to assume liabilities; that the city has received and now enjoys the benefit of what they have done and furnished; that for these things the city promised to pay, and that after having received the benefit of the contract the city has broken it. It matters not that the promise was to pay in a manner not authorized by law. If payments cannot be made in bonds because their issue is ultra vires, it would be sanctioning rank injustice to hold that payment need not be made at all. Such is not the law. The contract between the parties is in force so far as it is lawful.

It is true this suit was not brought on the contract but on one of the certificates identified with the contract. In that respect the suit is not like Hitchcock v. City of Galveston; but the broad principle of justice on which Hitchcock and Byrnes recovered is applicable here, particularly where the cer-

tificate sued on bears a subrogation to the contractor's rights under the contract, indorsed upon it, and more particularly when the learned counsel for the city says, as he does say, in his brief, that the suit might have been brought "upon the original contract with the city of Opelousas, about which there could have been little or no quibble, doubt, or contention."

The city also pleaded prescription in the district court, but it appears that the suit was brought within the period of prescription or limitation pleaded, and the plea has been abandoned.

The judgment is affirmed.