O’NIELL, C. J.
 

 Nearly 16 years ago, the board of commissioners of the Bayou Terre aux Bceufs drainage district adopted a resolution providing for a bond issue of $165,000, secured by a tax levied under authority of a vote of the property taxpayers. Accord: ingly, 165 bonds, of the denomination of $1,000 each, bearing the serial numbers 1 to 165, were printed and signed by the president and secretary of the board and sealed with the corporate seal, and were delivered to the attorney for the board, under a resolution authorizing him to negotiate the bonds, and particularly to exchange them for certain outstanding certificates of indebtedness of the drainage district, called “work certificates.” It was discovered recently that 9 of the bonds, bearing the serial numbers 11, 12, 14, 15, 16, 17, 24, 27, and 31, were duplicated, and that there were therefore 174, instead of 165, bonds outstanding. The Hibernia Bank & Trust Company and Walter C. Kent each held 4 of the duplicated bonds, bearing the serial numbers 11, 12,14, and 15. The Hibernia Bank & Trust Company and the Interstate Trrfst & Banking Company each held 3 of the duplicated bonds, bearing the serial numbers 24, 27, and 31. Walter C. Kent and C. A. Favrot each held a bond numbered 16; and Walter C. Kent and A. W. McClellan each held a bond numbered 17.
 

 The board of commissioners brought this concursus or interpleader proceeding against the five bondholders named, to determine which nine of the duplicated bonds were valid. The Hibernia Bank & Trust Company and C. A. Favrot and A. W. McClellan, on the one side, and the Interstate Trust ’& Banking Company and Walter C. Kent, on the other side, each claimed to be the holders of the valid bonds, and the Hibernia Bank & Trust Company set up a reconventional demand, in the alternative, for judgment against the drainage district for the amount of the work certificates which the bank had exchanged for bonds, $6,031.75, in the event the bank’s bonds should be adjudged invalid. The court gave judgment in favor of the Interstate Trust & Banking Company and Walter C. Kent, declaring their bonds valid,
 
 *811
 
 and in favor of the board of commissioners of the drainage district, declaring the bonds "held by the Hibernia Bank & Trust Company and C. A. Favrot and A. W. McClellan invalid. The alternative demand of the Hiber'nia Bank & Trust Company for a judgment against the board of commissioners of the drainage district was not referred to in the judgment and was therefore tacitly rejected. The Hibernia Bank & Trust Company alone has appealed from the judgment.
 

 The evidence leaves no doubt that all of the 18 bonds in contest bear the genuine signature of the president and secretary of the board and the seal of the corporation. The attorney who negotiated the bonds had died when it was discovered that 9 of the bonds had been duplicated. The individual who was' president of the board when the bonds were issued was also dead and the individual who was secretary of the board when the bonds were issued was residing in Washington, D. C., when it was discovered that the 9 bonds had been duplicated. The duplication' was done by the attorney of the board, without the knowledge of the president or secretary. The attorney was delegated to have the bonds printed, and after he had had the 165 bonds printed, numbered serially from 1 to 165, he had the printer to make duplicates of the bonds numbered 11, 12, 14,15,16,17, 24, 27, and 31, on the pretext that the bonds. bearing those numbers had been spoiled in the signing of them. The record does not show just how the attorney procured the signature of the officers of the board on the duplicate bonds, but we infer from the evidence that the attorney got the 9 duplicate bond!? from the printer before any of the bonds were signed, and that the officers, having confidence in the attorney, signed without counting the bonds and without observing that they were signing 174, instead of 165, bonds. Be that as it may, the duplicate bonds are exactly alike and the signatures on all of them are genuine.
 

 The reason why the court decided that the 3 bonds held by the Interstate Trust & Banking Company _and the 6 bonds held by Walter C. Kent were valid, and that the duplicates of them were invalid, was that the bank and Kent acquired their bonds in exchange for certificates of indebtedness of the drainage district before the duplicates of the bonds were issued. Where bonds issued by a municipal or other political corporation exceed the amount authorized, the bonds first issued, up to the amount authorized, are valid, and the bonds afterwards issued, beyond the amount authorized, are invalid. Daviess County v. Dickinson, 117 U. S. 657, 6 S. Ct. 897, 29 L. Ed. 1026; Board of Commissioners of Iowa Drainage District v. Wilkins Co., 125 La. 127, 51 So. 91. Counsel for the appellant concede that the judgment appealed from is correct in that respect. They complain of the failure of the civil district court to give the bank a judgment against the board of commissioners of the drainage district for $6,031.75, being the amount of the certificates of indebtedness of the board, which the .bank gave back to the board in consideration, to that extent, of the bonds which the bank received from the attorney for the board. The complaint is well founded. When a municipal or other political corporation issues negotiable bonds to represent an existing and valid debt of the corporation or to obtain funds for a purpose for which the corporation might lawfully incur an indebtedness, and the bonds are afterwards held to be void for some defect in their execution or because the corporation had not the authority to issue such negotiable instruments, the holder thus acquiring the bonds is entitled to recover in an appropriate action the amount of the debt which the bonds were issued to pay, or the money paid for
 
 *813
 
 them. 2 Dillon on Municipal Corporations, 1549, § 961, and 4 Dillon on Municipal Corporations, 2823, § 1615; 19 R. C. L. 1032, § 322; Hitchcock v. Galveston, 96 U. S. 341, 24 L. Ed. 659; Town of Louisiana v. Wood, 102 U. S. 294, 26 L. Ed. 153; Chapman v. Douglas County, 107 U. S. 348, 2 S. Ct. 62, 27 L. Ed. 378; Saunders v. City of Opelousas, 159 La. 527, 105 So. 608.
 

 It is ordered, adjudged, and decreed, that the appellant, Hibernia Bank & Trust Company, recover of and from the board of commissioners of the Bayou Terre aux Bceufs drainage district the sum of $6,031.75, with interest at 5 per cent, per annum on $1,760 from January 14, 1911, on $3,270.75 from August 7, 1911, and on $1,001 from November 20, 1921, and subject to a credit of $1,400 paid for interest coupons on February 1,1919. The board of commissioners of the Bayou Terre aux Bosufs drainage district is to pay the costs of this appeal. In all other respects the judgment appealed from is affirmed.