PROVOSTY, J.
[1] Sections 3869 and 3370 of the Revised Statutes prescribe a special mode of proceeding for expropriating rights of way for parish roads.
Article 2630 et seq. of the Civil Code and section 1479 et seq. of the Revised Statutes, as amended by Acts 117 of 18S6, and 96 of 1896, provide the mode of proceeding in other cases of expropriation of private property for public purposes.
Interpreting these statutory provisions, this court, in Fuselier v. Police Jury, 109 La. 551, 33 South. 597, held that the said sections 3369 and 3370 authorized the taking of only a servitude of passage, whereas these other provisions authorized the taking of the fee itself, or perfect ownership.
Act 49, p. 74, of 1910 (the State Highways Law), provides how parish public roads may become state highways, and may be constructed, improved, and thereafter maintained as state highways, at the joint expense of the state and the parish'. Its section 14 provides that:
“In all cases where it is necessary to acquire a right of way in constructing a new highway or changing the location of an old, the right of way thereof shall be acquired by the parish, city, town or village, either by purchase, donation or by expropriation under the general laws of the state relative to expropriation of private property for public purposes, in the event the owner of said property and the governing authorities of such cities, towns or villages, or the state highway engineer should not agree upon the price thereof.”
The parish of Lafayette, having converted one of its public roads into a state highway under the provisions of this Act 49, wishes to shorten this road by expropriating a right of way across the 80-acre tract of land of the defendant, along the three sides of which the road runs at present, and has filed the present suit for that purpose; and is proceeding under the said article 2630 et seq. of the Code, and section 1479 et seq. of the Revised Statutes, instead of under said sections 3369 and 3370 of the Revised Statutes.
In other words, it is proceeding “under the general laws of the state relative to expropriation of private property for public purposes,” as it is directed to do by the said Act 49.
Defendant contends it should have proceeded under the said sections 3369 and 3370, which prescribe a special mode in expropriations for parish roads. The said Act 49 says differently, and we can see no good reason why it should not be held to mean what it expressly and plainly says.
[2] The same said section 14 of said Act 49 of 1910 provides that:
“In expropriating lands for the right of way the measure of damages to such landowner shall be double the assessed value of the property per acre, appearing on the last assessment rolls. This measure of damages shall include the price of the land and all damages that may result to the owner: Provided, however, that if any improvements of the landowner, or any crops upon the land are damaged or destroyed by the location of such highway, then he may recover additional compensation for the actual injury or destruction of such improvements or crops.”
Defendant contends that this provision by which the quantum of damages is fixed by the Legislature, or by which a standard is fixed for measuring same, instead of the matter being left to be determined by the courts according to the facts and circumstances of the case, is unconstitutional, as violative of article 167 of the Constitution, reading:
*851 “Art. 167. Private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid.”
The authorities are agreed that- the Legislature cannot fix the amount to be paid in the forced expropriation of property or adopt an arbitrary standard for the measure of it; but that such amount must be left to be determined by the courts from the particular facts of the case. Thus:
Elliott’s work on Roads and Streets (2d Ed.) § 257:
“The value of the land is not to be measured by the appraisement put upon it for purposes of taxation.”
Lewis on Eminent Domain (2d Ed.) vol. 2, § 448:
“The assessed valuation of the land made for the purpose of taxation is not the market value, and generally it is not to be considered in determining the market value of the property.”
See Am. & Eng. Enc. of Law, vol. 10, p. 1154, Title Eminent Domain.
Yol. 15, p. 644:
“While the Legislature is judge of the expediency of the exercise of the right of eminent domain, it is not the judge of the amount to be paid for the property taken.” Monongahela Nav. Co. v. United States, 148 U. S. 312, 13 Sup. Ct. 622, 37 L. Ed. 463; Shoemaker v. United States, 147 U. S. 282, 13 Sup. Ct. 361, 37 L. Ed. 170.
St. Louis County Court v. Griswold, 58 Mo. 175:
“The act of 1874 to establish Forest Park in St. Louis county, providing that in all cases the assessment of the county assessor for the year 1873 shall be taken as a guide 'in the value of the property to be condemned or appraised, is unconstitutional in so far as it designs that the assessment of 1873 is t9 be taken as a standard in fixing the compensation, as arbitrarily fixing a value on the property which the owner shall be required to take.”
Cooley, Constitutional Limitations (4th Ed.) pp. 703, 704:
“The proceeding is judicial in its character, and the party in interest is entitled to have an impartial tribunal, and the usual rights and privileges which attend judicial investigations. It is not competent for the state itself to fix the compensation, though the Legislature, for this would make it the judge in its own cause.”
Cyc. vol. 15, p. 872:
“A condemnation proceeding is judicial in its character.”
[3] The unconstitutionality of this provision need not, however, entail that of the entire statute, which is an elaborate piece of legislation of which this provision is a mere detail. Evidently, this provision was adopted as appearing to be an easy and practical mode of arriving at the amount to be paid to the expropriated owner. It being omitted from the statute, the ordinary and constitutional mode will be followed. Wheelwright v. City of Boston, 188 Mass. 521, 74 N. E. 937, and Edwards v. Bruorton, 184 Mass. 529, 69 N. E. 328, are eases directly in point.
The judgment appealed from is affirmed in so far as it holds the provision of said section 14 adopting a standard for ascertaining the amount to be paid defendant to be unconstitutional, but it is otherwise set aside, and the case is remanded to be proceeded with in accordance with the views herein expressed; defendant to pay the costs of this appeal.