PROVOSTY, J.
Section 3368, Revised Statutes, providing the manner in which police juries may expropriate rights of way for public roads, is amended by Act 220, p. 417, of 1914, by the addition of the following provision:
“It shall be lawful for any individual through whose land the police jury shall cause a public road to be laid out, to claim a compensation of double the assessed value of the said land.”
The defendant claimed a greater value than this, and contended that this law, in so far as it undertakes to fix the value of the land to be taken, or to fix the standard by which such value _ is to be determined, is unconstitutional as being violative of article 167 of the Constitution, which reads:
“Private property shall not be taken nor damaged for public purposes without just and adequate compensation being first paid.”
This court had occasion to consider this same question precisely in connection with section 14 of Act 49, p. 74, of 1910, in the case of ¿Police Jury of Lafayette v. Adelma Martin et al., 74 South. 170, ante, p. 848, No. 21836 of the docket of this court, and held such a provision to be unconstitutional. That the value of the property taken must be left to be determined from the facts of each particular case. The same conclusion must be adopted here. See the authorities there cited.
Counsel in this case argue that where the Constitution has not prescribed the mode in which the value of the property taken is to be ascertained, the tribunal for ascertaining and *855 declaring this value need not necessarily be tbe ordinary courts of justice, but may be such other as the Legislature may establish, provided the tribunal thus established proceed judicially after a hearing. We can see no good reason why it should not be so; but that question has not been raised in this case, and hence is not now passed on. No other tribunal than the courts has been provided for in this case, and the defendant is willing that the value of the property should be fixed by the ordinary courts, provided they are left free to adopt such figure as the facts of the case may justify — are not required to abide by the arbitrary rule prescribed by said act of 1910.
Judgment affirmed.