(107 So. 709)

No. 27470.

## FRIERSON v. POLICE JURY OF CADDO PARISH.

(March 1, 1926. Rehearing Denied March 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Dedication** ☞20(3)—**Road maintained as public road by police jury for over 3 years, subsequent to enactment of statute, became public road by tacit dedication (Rev. St. § 3368, as amended by Act No. 220 of 1914).**

Road which was maintained as a public road by police jury, and worked from time to time by road gangs employed by police jury, and at times by prisoners, all under authority of police jury, for 3 years, subsequent to enactment of Rev. St. § 3368, as amended by Act No. 220 of 1914 became a public road by tacit dedication.

2. **Statutes** ☞64(1)—**Where statute is partly constitutional, and that part is complete and independent of unconstitutional part, latter may be rejected without destroying whole statute.**

Where statute is partly constitutional, and that part is complete and independent of unconstitutional part, the latter may be rejected without destroying whole statute, and such rule is applicable when only one section of statute or section of revised statutes is in part constitutional and in part unconstitutional.

3. **Statutes** ☞64(5)—**Statute providing that private road becomes public by tacit dedication, when maintained by police jury for 3 years, held not invalid because independent part of statute had been declared unconstitutional (Rev. St. § 3368, as amended by Act No. 220 of 1914; Consts. 1898, 1913, art. 167; Const. 1921, art. 1, § 2).**

Rev. St. § 3368, as amended by Act No. 220 of 1914, providing that private road thereafter maintained under authority of police jury for 3 years should become public by tacit dedication, *held* not invalid because provision arbitrarily fixing measure of compensation that individual might claim, through whose land a public road was laid out, had been declared violative of Consts. 1898, 1913, art. 167; Const. 1921, art. 1, § 2; such unconstitutional part being *independent* of rest of statute.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Suit by L. S. Frierson against the Police Jury of Caddo Parish. Judgment for defendant, and plaintiff appeals. Affirmed.

Hall & Bullock and Foster, Hall & Smith, all of Shreveport, for appellant.

Aubrey M. Pyburn and Wilkinson, Lewis & Wilkinson, all of Shreveport, for appellee.

O'NIELL, C. J. This is an injunction suit to forbid the use of a road across the plaintiff's plantation as a public highway. He has appealed from a judgment dissolving the injunction and rejecting his demand.

A part of the road described in his petition was dedicated by a deed of conveyance from a former owner of the plantation to the

police jury of the parish on the 4th of August, 1904, which deed was of record long before the plaintiff bought the plantation. That part of the road is decribed in the deed as being 40 feet in width, and extending from Gayle Station, on the Texas & Pacific Railway, to the bridge at Bayou Pierre, or to Red Bluff road. There is no dispute that that part of the road is a public road. In fact, it is said in the brief filed by the learned counsel for appellant that that part of the road was not included, or intended to be included, in the description in the petition.

The road that is in dispute, as we understand from the testimony and the maps in the record, commences at a point where the road which we have described, going from Gayle Station to the bridge at Bayou Pierre, turns abruptly to the left, about 170 yards from Gayle Station, and the road in dispute extends thence in a northeastern direction, along the southeast side of Rush Bayou, a distance of approximately 650 yards, to an intersection with the Levee road, about 25 yards east from an old store.

As to the part of the road that was never formally dedicated by an owner of the plantation, the defendant, police jury, urges four pleas or defenses in support of its being a public road, viz.:

First. That the road was used as a public road continuously for 40 years or longer, without protest on the part of any owner of the plantation, before the institution of this suit.

Second. That the public acquired a continuous servitude, or right to use the road as a public highway, by prescription, by the public use and possession of the road for the period of 10 years, according to the provisions of article 765 of the Civil Code, as amended by the Act 25 of 1904, p. 30.

Third. That the road became a public road by the prescription of three years, by virtue of the keeping up, maintaining, and working of the road for the period of three years under authority and supervision of the police jury; according to the provisions of section 3368 of the Revised Statutes, as amended by the Act 220 of 1914, p. 417.

Fourth. That the plaintiff is estopped by the fact that he and his author in title for many years before permitted the road to be used as a public road, and that he knew of its use as a public road when he bought the plantation, only two years and four months before he filed this suit.

[1-3] Our opinion is that the third defense to this suit is well founded. We shall therefore rest our affirmance of the judgment upon the provisions of the Act 220 of 1914, amending and re-enacting section 3368 of the Revised Statutes, viz.:

"All roads in this state that have been opened, laid out, or appointed by virtue of any act of the Legislature heretofore made, or by virtue of an order of any of the police juries in their respective parishes, or which have been, or shall hereafter be kept up, maintained or worked for a period of three years by authority of the police juries in their respective parishes, are hereby declared to be public roads; also all roads made on the front of their respective tracts of land by individuals when the said lands have their front on any of the rivers or bayous within this state. It shall be lawful for any individual through whose land the police jury shall cause a public road to be laid out, to claim a compensation of double the assessed value of the said land."

The road in contest was kept up and maintained as a public road by the police jury, and worked upon from time to time by road gangs employed by the police jury, and at times by prisoners, all under authority of the police jury, during a period exceeding 40 years before this suit was filed.

The only argument that is made against the application of the statute of 1914 is the contention of the learned counsel for appellant that the statute was adjudged unconstitutional in Gibbon v. Police Jury of St. Mary Parish, 74 So. 172, 140 La. 854. The only provision in the statute that was declared un-

constitutional was the arbitrary fixing of the measure of compensation that an individual might claim, through whose land the police jury should cause a public road to be laid out. That part of the statute was declared violative of the requirement in article 167 of the Constitutions of 1898 and of 1913 (section 2 of article 1 of the Constitution of 1921) that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid. A similar ruling was made in Police Jury of Lafayette Parish v. Martin, 74 So. 170, 140 La. 848, with regard to section 14 of Act 49 of 1910, p. 74, which is the State Highway Law. No other part of the law was affected by the decision except the arbitrary fixing of the measure of compensation allowed a landowner in case of expropriation of his land for a public road. Likewise no part of the Act 220 of 1914, amending and re-enacting section 3368 of the Revised Statutes, was affected by the ruling in Gibbon v. Police Jury of St. Mary Parish, except the arbitrary fixing of the measure of compensation due to a landowner for the laying out of a public road through his land. The rule that, if a statute is in part constitutional and in part unconstitutional, and the constitutional part is complete and independent of the unconstitutional part, the unconstitutional part may be rejected without destroying the whole statute is applicable when only one section of a statute, or section of the revised statutes, is in part constitutional and in part unconstitutional. See Saunders v. City of Opelousas, 105 So. 608, 159 La. 527, and decisions there collected. Only two changes were made in the provisions of section 3368 of the Revised Statutes by the amending act of 1914, viz. First, among the roads that were thereby declared to be public roads were added "or [those] which have been or shall hereafter be kept up, maintained or worked for a period of three years by authority of the police juries in their respective parishes," and, second, in allowing compensation to a landowner for the laying out of a public road through his land, there was substituted for the expression "a just compensation therefor" the expression "a compensation of double the assessed value of the said land." The two amendments were not at all related to or dependent upon each other. There is therefore no reason to believe that the Legislature made either amendment upon the condition only that the other should prevail.

The judgment is affirmed.

### On Application for Rehearing.

PER CURIAM. The plaintiff contends, in his application for a rehearing, that the defendant did not plead the prescription of 3 years. The defendant pleaded, not that the road had become a public road by prescription, but that it had become a public road by tacit dedication. Perhaps we were wrong in calling section 3368 of the Revised Statutes, as amended by Act 220 of 1914, a statute of prescription. It is more appropriate to say that, by virtue of the statute, the road became a public road by tacit dedication. In support of the argument that the statute is unconstitutional in so far as it purports to authorize the taking of private property for a public use without adequate compensation and without due process of law, the learned counsel for appellant cite Torres v. Falgoust, 37 La. Ann. 497. Perhaps the statute would be unconstitutional if construed to mean that a private road that had been kept up, maintained, or worked under authority of the police jury for 3 years before the statute was enacted was converted into a public road by virtue of the statute. We rest our decision in this case upon the fact that the road was kept up and maintained by authority of the police jury for a period exceeding 3 years subsequent to the enactment of the statute.

The application for rehearing is denied.