674 So.2d 218 (1996)
ST. CHARLES PARISH SCHOOL BOARD
v.
P & L INVESTMENT CORPORATION.
No. 95-C-2571.
Supreme Court of Louisiana.
May 21, 1996.
*219 Robert Arthur Chaisson, Chaisson & Chaisson, Destrehan, for Applicant.
Randell O'Neil Lewis, Luling, Robert Louis Raymond, Destrehan, for Respondent.
MARCUS, Justice.[*]
The issue in this case is whether a private road is subject to public use.
P & L Investment Corporation (P & L) owned 45 acres of land abutting Highway 90 in St. Charles Parish. In November 1972, the St. Charles Parish School Board (School Board) purchased 35 of the 45 acres for construction of a new high school leaving P & L with a small parcel of land fronting Highway 90, a 50 foot wide strip of land along the western boundary of the School Board's property, and a small parcel of land in back of the School Board's property. The 50 foot wide strip of land was approximately 1,700 feet long and connected P & L's two small parcels. The School Board began construction *220 of the new Hahnville High School on its thirty-five acres. Two public streets, First Street and Second Street, provided access to the School Board's property from Highway 90. The builders of the high school used Second Street to reach the School Board's property during construction.
In March 1973, the St. Charles Parish Police Jury (Police Jury) exchanged Second Street, a dedicated roadway, for a comparable strip of land which abutted Highway 90 and was owned by P & L. The strip of land connected Highway 90 to the 50 foot wide strip of land owned by P & L along the western boundary of the School Board's property. The strip of land the Police Jury received in the exchange became a dedicated roadway known as Tiger Drive. When the Police Jury built and paved Tiger Drive with asphalt, the Police Jury also paved at least 200 feet of the strip of land still owned by P & L. P & L did not protest the paving by the Police Jury of this portion of its fifty foot wide strip of land. The parish then placed shells on a further 500 feet of the strip of land owned by P & L and placed shells in the parking area of Hahnville High School, which was on School Board property. The School Board refers to the dedicated roadway and the continuation of the road on P & L's property as Tiger Drive. After school officials installed a gate across Tiger Drive at the property line where P & L's strip of land began, P & L asked the School Board not to lock the gate because P & L wanted access to its property in the back.
In 1977, the Police Jury or the School Board paved an additional 500 feet of P & L's property with concrete when the parking lot for Hahnville High School was paved. The shells, which had covered the road and the parking lot prior to the paving, were relocated from the parking lot and Tiger Drive to a portion of the fifty foot wide strip which remained unpaved. The concrete paving and placement of the shells on the fifty foot strip were done with the consent of P & L. Thus, 700 feet of P & L's 50 foot wide strip were partially paved with either asphalt or concrete and the remaining 1000 feet were partially covered with shells.
Although P & L intended to dedicate its portion of Tiger Drive, it never formally dedicated the strip of land to the public or sold the strip to the School Board. School officials were aware that the strip of land along the western boundary of the campus was not school property, but thought that the School Board had an agreement with P & L that the school would have access to its parking lot from Tiger Drive. From 1975 to the early 1980s, St. Charles Parish maintained the asphalt portion of Tiger Drive including the section owned by P & L. The School Board performed maintenance on the concrete and shell portions of Tiger Drive.
In 1990, P & L[1] claimed ownership of 1,700 feet of Tiger Drive in a letter to the St. Charles Parish School Board. In the letter, P & L demanded that the School Board cease using the portion of Tiger Drive owned by P & L and informed the School Board that it planned to run sewer and water lines down the middle of Tiger Drive. The School Board then filed suit seeking a declaration that Tiger Drive was a public street and an injunction to prevent P & L from interfering with the public's use of Tiger Drive. The School Board contended that P & L's portion of Tiger Drive had been dedicated to public use.[2] After a trial on the merits, the trial judge declared Tiger Drive to be the property of P & L and denied the School Board's petition for an injunction. The court of appeal affirmed finding that P & L had not dedicated its portion of Tiger Drive.[3] Upon the School Board's application, we granted certiorari to review the correctness of that *221 decision.[4]
The issue presented for our review is whether the portion of Tiger Drive owned by P & L is subject to public use.
A road may be either public or private. La.Civ.Code art. 457. A public road is one that is subject to public use. Id. The public may own the land on which the road is built or may only have the right to use it (a servitude of passage). Id. When a private person owns the land on which a public road is built and the public merely has the right to use it, the land is a private thing subject to public use. A.N. YIANNOPOULOS, PROPERTY § 96, at 206 (2 LOUISIANA CIVIL LAW TREATISE 3d ed. 1991). The public may acquire an interest in the land on which a road is built or in the use of a road through purchase, exchange, donation, expropriation, prescription or dedication. YIANNOPOULOS, PROPERTY § 96, at 207.
Neither the School Board nor the Police Jury ever purchased the fifty foot wide strip of land from P & L. The Police Jury exchanged property with P & L creating ownership in the public of only the front portion of Tiger Drive. P & L did not donate its portion of Tiger Drive to the Police Jury or School Board. No public entity ever expropriated P & L's portion of Tiger Drive.
The School Board did not obtain a servitude of passage on P & L's portion of Tiger Drive through acquisitive prescription. A servitude of passage, an apparent servitude, may be acquired through acquisitive prescription. La.Civ.Code arts. 707, 742. An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith. La.Civ.Code art. 742. The School Board does not have thirty years possession of the right of passage over P & L's portion of Tiger Drive. The School Board does have ten years possession of the right, but does not have just title. Just title is a juridical act sufficient to transfer ownership or another real right. It must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated. La.Civ. Code art. 3483. The "boilerplate language" included in the deed of sale[5] for the thirty-five acres from P & L to the School Board is too ambiguous and imprecise to establish a servitude of passage over the fifty foot wide strip of land. Palomeque v. Prudhomme, 95-0725 (La. 11/27/95), 664 So.2d 88. For a servitude to be created by title, the instrument must be express as to the nature and extent of the servitude. Therefore, the public did not acquire an interest in the use of P & L's portion of Tiger Drive through prescription. The only remaining method by which the public could have acquired an interest in the land or in the use of the street is dedication.
Louisiana has never enacted a comprehensive scheme of dedication to public use. Garrett v. Pioneer Production Corporation, 390 So.2d 851, 854 (La.1980). However, Louisiana courts have recognized four modes of dedication: formal, statutory, implied, and tacit. A landowner may make a formal dedication of a road by virtue of a written act, such as a deed of conveyance to the police jury of the parish. Frierson v. Police Jury of Caddo Parish, 160 La. 957, 107 So. 709 (1926). The written act may be in notarial form or under private signature. YIANNOPOULOS, PROPERTY § 95, at 204-205. A formal dedication transfers ownership of the property to the public unless it is expressly or impliedly retained. YIANNOPOULOS, PROPERTY § 95, at 208-209. If the landowner retains ownership of the property, the public acquires a servitude of public use.
Statutory dedication occurs when a landowner subdivides real estate in accordance with the requirements of La.R.S. 33:5051. In order to effect a statutory dedication, complete and detailed compliance with the statute is not required; substantial compliance *222 will suffice. Garrett, 390 So.2d at 856. La.R.S. 33:5051 provides for the subdivision of real estate into squares or lots with named streets and for the dedication to public use of all streets, alleys, and public squares on the map. A statutory dedication vests ownership in the public unless the subdivider reserves ownership of streets and public places and grants the public only a servitude of use. Arkansas-Louisiana Gas Co. v. Parker Oil Co. Inc., 190 La. 957, 183 So. 229, 238 (1938) (on rehearing).
Implied dedication is a common law doctrine recognized by the courts of this state. Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127, 128 (1943). A dedication by implication consists of the assent of the owner, use by the public, and maintenance by the municipality. Wyatt v. Hagler, 238 La. 234, 114 So.2d 876, 878 (1959). Because implied dedication lacks the formalities and safeguards of formal or statutory dedication, courts have required "a plain and positive intention to give and one equally plain to accept." Carrollton Rail Road Co. v. Municipality No. Two, 19 La. 62, 71 (1841). Courts have also found an implied dedication when the owner of a tract of land subdivides it into lots, designates streets or roads on a map, and then sells the property or any portion of it with reference to the map. James v. Delery, 211 La. 306, 29 So.2d 858, 859 (1947). An implied dedication establishes a servitude of public use. Arkansas-Louisiana Gas Co. Inc., 183 So. at 240; Becnel v. Citrus Lands of Louisiana, Inc., 429 So.2d 459 (La.App. 4th Cir.), writ denied, 437 So.2d 1147 (La.1983). See, Missouri Pacific Railroad Co. v. City of New Orleans, 46 F.3d 487 (5th Cir.1995).
A tacit dedication of a strip of land for use as a public road occurs when the requirements of La.R.S. 48:491 are met. La.R.S. 48:491 provides, in pertinent part,
B. (1)(a) All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.
If a road is maintained for a period of three years by authority of the parish governing authority, the public acquires a servitude of passage by tacit dedication. Robinson v. Beauregard Parish Police Jury, 351 So.2d 113, 115 (La.1977). Token maintenance or an occasional brushing up of a road is insufficient to establish a tacit dedication for public use. Robinson, 351 So.2d at 115.
Of the four modes of dedication, formal dedication and statutory dedication clearly do not apply. In February of 1976, the president of P & L, Richard Warren Landry, wrote to the Administrative Assistant for Operations of the St. Charles Parish School Board and indicated P & L's intention to formally dedicate to the Police Jury the fifty foot street along the western property line of the new Hahnville High School. The Police Jury accepted a recommendation from the St. Charles Parish Planning and Zoning Commission to accept the dedication. Although the Police Jury asked its attorney to prepare a formal act of dedication for P & L, no formal act of dedication of P & L's portion of Tiger Drive to the public was executed.
Statutory dedication of P & L's portion of Tiger Drive did not occur. P & L did not subdivide its land in compliance with La.R.S. 33:5051.
Implied dedication also does not apply. While the public has used the road and the parish has maintained the road, the owner has not assented to the dedication of the road. Warren Landry testified at trial that P & L would have agreed to dedicate its portion of Tiger Drive only if the parish had paved the entire strip of land. Nor does the second type of implied dedication apply. While the 1972 Collier survey indicates a fifty foot street along the western boundary of P & L's land prior to the sale to the School Board, P & L was not subdividing its land into lots and did not sell the land with reference to the Collier survey. Furthermore, the School Board knew that the strip of land *223 belonged to P & L and had not been dedicated to public use at the time of the sale.
Finally, we must determine whether P & L made a tacit dedication to public use of its portion of Tiger Drive under La.R.S. 48:491. From the testimony of school officials, it appears that the School Board filled both its land and part of P & L's land in order to build the high school and to provide a base for the road. The parish then delivered five or six truck loads of shells to Hahnville High School to build up the street. After the exchange of property between the Police Jury and P & L in 1973, the Police Jury paved the public portion of Tiger Drive and 200 feet of P & L's portion of Tiger Drive with asphalt. A few years later, either the School Board or the Police Jury paved the parking lot of Hahnville High School and an additional 500 feet of Tiger Drive with concrete. Eventually, shells were placed along the unpaved portions of Tiger Drive. P & L does not claim to have participated in or funded any of these road construction activities on its land.
After Hahnville High School and Tiger Drive were built, the parish opened, cleaned out, and drained ditches along the street. Larry Sesser, St. Charles Parish School Board's Chief of Physical Plant Operations, testified that the parish repaired potholes on the asphalt section of Tiger Drive from the fall of 1975 until the early 1980s. The foreman of the blacktop crew for the parish testified that his crew performed maintenance on Tiger Drive by overlaying the street with blacktop. School Board employees repaired and maintained the shell portion of Tiger Drive by using a tractor to grade the road and fill potholes. Although the School Board maintained the shell and concrete portions of Tiger Drive rather than the Police Jury, the School Board was operating under the authority of the Police Jury and was using public funds.
P & L had actual knowledge of the construction and maintenance of Tiger Drive by the Police Jury and School Board. Warren Landry testified by deposition that the School Board, not P & L, had maintained the paved portion of Tiger Drive. P & L used Tiger Drive to access its parcel of land in back of the school. P & L never claimed to have performed its own maintenance on the portion of Tiger Drive that it owned. Because P & L's portion of Tiger Drive was built, maintained, and worked by authority of the parish governing authority for a period of at least three years with P & L's actual knowledge of such work, we find that P & L tacitly dedicated the asphalt, concrete, and shell roadway located on P & L's property under La.R.S. 48:491. The portion of Tiger Drive owned by P & L is a private street dedicated to public use. The trial judge was clearly wrong in holding otherwise. The court of appeal erred in affirming the judgment of the trial court. Accordingly, we must reverse.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. Judgment is rendered in favor of the St. Charles Parish School Board and against P & L Investment Corporation, Angelo Puglise, Salvadore Puglise and Richard Warren Landry declaring the asphalt, concrete, and shell roadway located on P & L's property and commonly known as Tiger Drive to be a private street dedicated to public use, as per survey by Roland P. Bernard, surveyor, dated October 4, 1990, attached and made a part of this opinion. All costs are assessed against defendants.
*224 
NOTES
[*] Because of the vacancy created by the resignation of Dennis, J., now a judge on the United States Court of Appeals for the Fifth Circuit, there was no justice designated "not on panel" under Rule IV, Part 2, Sec. 3. Panel included Chief Justice Calogero and Justices Marcus, Watson, Lemmon, Kimball, Johnson and Victory.
[1] P & L Investment Corporation was dissolved in 1984. Each of its shareholders, Salvadore J. Puglise, Angelo Puglise, and Richard Warren Landry, received an undivided one-third interest in P & L's land holdings. This opinion continues to refer to the owners of the property in dispute as P & L.
[2] Richard Warren Landry intervened as a defendant in the lawsuit. The School Board subsequently filed an amended petition, naming Angelo Puglise, Salvadore Puglise, and Landry as co-defendants.
[3] 95-192 (La.App. 5th Cir. 9/26/95), 662 So.2d 47.
[4] 95-2571 (La. 1/26/96), 666 So.2d 659.
[5] The Act of Sale conveys "A CERTAIN PORTION OR TRACT OF GROUND, together with the improvements thereon, and all rights, ways, privileges, servitudes and advantages thereunto." This language merely transfers all rights which existed prior to the sale.