J^GREMILLION, Judge.
The plaintiff, Vernon Parish Police Jury, appeals a judgment finding that it failed to prove that a right of way located in Vernon Parish was a public road and granting an involuntary dismissal of its claim against the defendants, William C. Buckley, Jr., Patricia Buckley, Mary Rosetta Jones, and John Henry Jones (referred to collectively as Buckley). For the following reasons, we reverse and remand the matter for further proceedings.
FACTS
In April 1983, Wallace and Lynda Moo-neyham purchased property from Lynda’s grandmother in Vernon Parish. Since there was no access to the property, Lee E. Jones, Sr. agreed to grant the Police Jury a right of way over property owned by him. A document purporting to convey a fifty foot right of way to the Police Jury was executed on April 13, 1983, and was signed by Jones and witnessed by Lynda and Jones’ wife, Rosetta. This document was maintained by Lynda until it was filed in the parish records on September 3, 1996. The right of way was later entitled “Mooneyham Loop.”
The issue in this matter is whether Moo-neyham Loop is a public or a private road. Following the close of the Police Jury’s evidence, the trial court granted an involuntary dismissal on behalf of Buckley finding that the evidence presented established that the right of way granted by Jones was for a private road. This appeal by the Police Jury followed.
ISSUES
The Police Jury raises two assignments of error on appeal, arguing that [¡¿he trial court erred in granting the involuntary dismissal because it presented evidence establishing that Mooneyham Loop was a *19 public road via either formal dedication or tacit dedication pursuant to La.R.S. 48:491.
INVOLUNTARY DISMISSAL
The procedure for an involuntary dismissal is provided for in La.Code Civ.P. art. 1672. If the matter is tried as a bench trial, the defendant may move for a dismissal of the plaintiffs action at the close of the plaintiffs case, based on the “ground that upon the facts and law, the plaintiff has shown no right to relief.” La. Code Civ.P. 1672(B). At that point the trial court may either render judgment or decline to render judgment until the close of all evidence. Id.
The trial court is accorded much discretion in the granting of an involuntary dismissal. Guillory v. International Harvester Co., 99-593 (La.App. 3 Cir. 10/13/99); 745 So.2d 733, writ denied, 99-3237 (La. 1/14/00); 753 So.2d 220. It is required to weigh and evaluate all of the evidence presented by the plaintiff and grant the dismissal if the evidence is sufficient to establish that the plaintiff has not proven its claim by a preponderance of the evidence. Id. The grant of a involuntary dismissal is subject to the manifest error standard of review. Id.
“Proof by a preponderance of the evidence means that, when taken as a whole, the evidence shows that the fact or cause sought to be proved is more probable than not.” Darton v. Kroger Co., 30,771, p. 2 (La.App. 2 Cir. 8/25/98); 716 So.2d 974, 976. “Although petitioners are not entitled to any special inferences in their favor, absent circumstances in the record casting suspicion on the reliability of the testimony and sound reasons for its rejection, uncon-troverted evidence should be taken as true to establish a fact for which it is offered.” Ross v. Premier Imports, 96-2577, p. 5 (La.App. 1 Cir. 11/7/97); 704 So.2d 17, 20, writ denied, 97-3035 (La.2/13/98); 709 So.2d 750.
Id. at 735.
|oA road is either public or private in nature. La.Civ.Code art. 457. If the road is public, then it is subject to public use. Id. The land upon which a road lies may either be publicly or privately owned. If it is privately owned, then it is a private thing subject to the public use. Id. The public may acquire an interest in the land upon which a road is built by either purchase, exchange, donation, expropriation, prescription, or dedication. St. Charles Parish Sch. Bd. v. P & L Inv. Corp., 95-2571 (La.5/21/96); 674 So.2d 218, citing A.N. Yiannopoulos, Property § 96, at 206 (2 Louisiana Civil Law Treatise 3d ed. 1991). The mode of acquisition at issue in this matter is limited to dedication.
There are four methods of dedication: formal, statutory, implied, and tacit. Id. Of the four, only formal and tacit dedication apply under the facts at issue. Thus, we will limit our discussion to those two modes of acquisition.
A landowner may make a formal dedication of a road by virtue of a written act, such as a deed of conveyance to the police jury of the parish. Frierson v. Police Jury of Caddo Parish, 160 La. 957, 107 So. 709 (1926). The written act may be in notarial form or under private signature. Yiannopoulos, Property § 95, at 204-205. A formal dedication transfers ownership of the property to the public unless it is expressly or impliedly retained. Yiannopoulos, Property § 95, at 208-209. If the landowner retains ownership of the property, the public acquires a servitude of public use.
[[Image here]]
A tacit dedication of a strip of land for use as a public road occurs when the requirements of La.R.S. 48:491 are met. La.R.S. 48:491 provides, in pertinent part,
B. (l)(a) All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the *20 authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern for their [¿property.
If a road is maintained for a period of three years by authority of the parish governing authority, the public acquires a servitude of passage by tacit dedication. Robinson v. Beauregard Parish Police Jury 351 So.2d 113, 115 (La.1977). Token maintenance or an occasional brushing up of a road is insufficient to establish a tacit dedication for public use. Robinson, 351 So.2d at 115.
Id. at 221-22.
FORMAL DEDICATION
The Police Jury introduced into evidence the document signed by Jones and witnessed by Lynda and Rosetta on April 13, 1983. The document, which conveyed a fifty foot right of way to the Police Jury, was filed into the parish records on September 13, 1996. Both Mooneyhams testified that they obtained the document from Roland Mitcham, the Vernon Parish road supervisor and that it already listed the width of the right of way as sixty feet. They stated that they took the document to Jones, who only agreed to give them a fifty foot right of way.
Lynda testified that she filled out the property description on the document and corrected the width of the right of way from fifty to sixty feet. She stated that she was sitting in her car on her property at the time the document was filled out. She testified that others present when the document was executed included her husband, her grandmother, Velda Huffman, Jones, Rosetta, Susan Jones, L. E. Jones, Jr., and a grader driver for the parish. She stated that Mitcham may have been present at that time; however, she was not sure because he may have been present at a prior meeting the first time they spoke with Jones about the right of way. After the document was executed, Lynda testified that she kept it until it was filed in the parish records after this controversy arose in 1996.
[..¡Wallace testified that he thought his wife filled in the property description on the document. He stated that his wife, her grandmother, and L. E. Jones, Jr. were present at the time the document was signed. He was unsure if Mitcham was present, although he thought that he was.
Mitcham testified that he was the road supervisor for the Police Jury in 1983. He stated that the Mooneyhams approached him about upgrading the road leading to their property so that it would be passable during bad weather. He testified that he remembered talking to Jones about obtaining a road right of way. He indicated that he was neither present when the right of way document was executed nor did he ever see it, but that he knew the Police Jury had obtained it. He further stated that Jones told him that he had signed the agreement.
In its oral reasons, the trial court found that Jones signed the agreement believing that he was giving the Mooneyhams a right of access across his property, not that he was conveying a right of way to the Police Jury in order to create a public road. The trial court found that Mitcham testified he never talked to Jones about the right of way and that he was not present at the signing of the document. The trial court further found that this was a private agreement between two parties, and that it had serious concerns about a private act which was held for numerous years before being filed at an extremely late date. Thus, the trial court held that Police Jury had not acquired the road via a formal dedication.
After reviewing the evidence, we find that the trial court erred in granting the involuntary dismissal based on its finding that the Police Jury failed to establish that it acquired the road by way of a *21 formal dedication. Jones executed a written act 1 Kunder private signature conveying the right of way to the Police Jury, and not the Mooneyhams. The Police Jury further obtained ownership of the property on which the road lies because the dedication did not reserve the ownership of the property to Jones. Since the terms of the document are clear and explicit, and lead to no absurd consequence, the trial court is bound to give legal effect to them as written. Spohrer v. Spohrer, 610 So.2d 849, 852 (La.App. 1 Cir.1992). Accordingly, we find that the evidence presented by the Police Jury was sufficient for it to meet its burden of proof in its case-in-chief to prove, by a preponderance of the evidence, that Mooneyham Loop became a public road pursuant to a formal dedication. Thus, the judgment of the trial court granting the involuntary dismissal of the Police Jury’s claim is reversed and the matter is remanded for furthér proceedings.
Since we have found that the trial court erred in not finding sufficient evidence on the issue of formal dedication, we need not address the issue of tacit dedication.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. The costs of this appeal are assessed to the defendants-appellees, William C. Buckley, Jr., Patricia Buckley, Mary Rosetta Jones, and John Henry Jones.
REVERSED AND REMANDED.