Dear Mayor Roach:
This office is in receipt of your opinion request wherein you advise that in 1999, the City of Lake Charles annexed an area that includes Prien Oaks Subdivision, a "gated community." The subdivision has a single street that is presently maintained as a private drive. You indicate that residents of the subdivision desire to have the private drive dedicated to the public and in return, the City of Lake Charles would be asked to accept the drive and provide maintenance. The residents do not want to remove the gate that controls access to the drive and "gated community."
Subsequent to your opinion request, this office received additional factual information from Calcasieu Parish District Attorney Rick Bryant, advising that the gate at the entrance to the subdivision was in existence at the time the subdivision was incorporated into the City of Lake Charles. The subdivision pays city property taxes and sales taxes. It receives city water, sewage, and garbage services as well as city police and fire protection. The residents agree to keep the gate open during daylight hours and that the gate code will be provided to all who seek it. These same residents feel strongly that the small, one-way road running through the subdivision should be maintained by the City, as are all of the above described services. This private drive services approximately fifteen to twenty private residences.
At the outset, your inquiry must be examined in light of La.Const. Art. VII, Sec. 14(A), which prohibits the loan, pledge, or donation of the funds, credit, property, or things of value of the state or of any political subdivision "to or for any person, association, or corporation, public or private." You have provided that the street in question is presently maintained as a private drive. As such, it is without question that any expenditure of public funds towards maintenance of a private drive would be violative of La. Const. Art. VII, Sec. 14(A), as the City of Lake Charles is not legally obligated to undertake such maintenance. (See City of Port Allen v. Louisiana Municipal RiskAgency, 439 So.2d 399 (La. 1983), holding that La. Const. Art.VII, Sec. 14(A) is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so.)
This same issue has been examined in prior opinions of this office. Among them, Attorney General's Opinion No. 76-649 determined that the Bienville Parish Police Jury could not use parish equipment or materials to blacktop driveways located on private property. Attorney General's Opinion No. 77-1594 concluded that a Police Jury could not perform road work on private driveways and roads if the benefits of said work would inure only to the owner of the properties enhanced thereby and no substantial public purpose was served. More pertinent to this inquiry, Attorney General's Opinion No. 78-1643 concluded that the Catahoula Parish Police Jury could not expend public labor, materials, or funds on the maintenance and repair of a road leading to one or even several residences, but not used by the public at large.
In view of the above, we are of the opinion that any expenditure of public funds, labor, or materials on the maintenance, repair, or improvement of a private drive located within a "gated community" is proscribed by La. Const. Art. VII, Sec. 14(A).
More specifically, you have asked whether the City of Lake Charles can accept a private drive for public use and maintenance. This private drive is located within a "gated community" and the residents of said community wish to retain a measure of control over the ingress and egress by the public.
A road is either public or private in nature. La.Civ. Code Art.457. If the road is public, then it is subject to public use.Id. The land upon which a road lies may either be publicly or privately owned. If it is privately owned, then it is a private thing subject to the public use. Id. The public may acquire an interest in the land upon which a road is built either by purchase, exchange, donation, expropriation, prescription, or dedication. St. Charles Parish Sch. Bd. v. P L Investment Corp.,
95-2571 (La. 5/21/96), 674 So.2d 218 citing Yiannopolous, Property
§ 96, at 206 (2 Louisiana Civil Law Treatise 3d. ed. 1991). The mode of acquisition contemplated by the City of Lake Charles is limited to dedication.
Louisiana courts have recognized four modes of dedication: formal, statutory, implied, and tacit. Of the four, only formal dedication is applicable under the facts at issue. Therefore, we limit our discussion to this single mode of acquisition.
A landowner may make a formal dedication of a road by virtue of a written act, such as a deed of conveyance to the police jury of the parish or, as the case may be, a municipality. Frierson v.Police Jury of Caddo Parish, 160 La. 957, 107 So. 709 (1926). The written act may be in notarial form or under private signature.Yiannopolous, Property § 95, at 204-205. A formal dedication transfers ownership of the property to the public unless it is expressly or impliedly retained. Yiannopolous, Property § 95, at 208-209. If the landowner retains ownership of the property, the public acquires a servitude of public use.
We are unable to discern whether the residents of Prien Oaks intend to convey unencumbered ownership of the private drive or simply a servitude of passage. If it is ownership of both the surface and soil beneath the drive that is the object of dedication, we are of the opinion that the subdivision residents would have no legal right to obstruct a public road, be it by means of a controlled access gate or otherwise, as the property would be publicly held, affording Prien Oaks residents no right to prevent ingress or egress. A public road is a way open to all the people, without distinction, for passage and repassage at their pleasure. Galloway v. Wyatt Metal Boiler Works, 189 La. 837,181 So. 187 (La. 1938). (See also Att'y Gen. Op. No. 99-345) By distinction, private roads are those which are only open for the benefit of certain individuals, to go from and to their homes, for the service of their lands, and for the use of some estate exclusively. Id.
Under the alternative scenario of dedicating only a servitude of public use, like results occur. The public is entitled to full, unhindered and unobstructed use of a servitude of public passage.Melancon v. Giglio, 96-2507 (La.App. 1 Cir. 3/13/98),712 So.2d 535 citing Wright v. Dep't. of Highways, 342 So.2d 230, 232
(La.App. 1st Cir. 1976), writ denied 343 So.2d 1075 (La. 1977). A controlled access gate such as that which is presently in place, if opened and closed by the residents at their leisure, would constitute an obstruction and hindrance to the use and enjoyment of the roadway by the general public.
In summary, any expenditure of public funds, services, or materials on private roadways, such as is the present case, violates the dictates of La. Const, Art. VII, Sec. 14(A). With regard to dedication of the private drive to the City of Lake Charles, we find that no matter the extent of the dedication, any obstruction such as the gate now in place would be impermissible. This finding aside, any transaction that purports to make a private drive/road public yet retains in the residents the power to control ingress and egress, no matter how limited, could appear to the objective observer as constituting an attempt to indirectly circumvent the prohibitions contained in Article VII, Section 14
for the nature of the drive would remain private.
Trusting this adequately responds to your request, I am
 Very truly yours, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ KEVIN L. HANCHEY Assistant Attorney General
DATE RELEASED: August 23, 2001