829 So.2d 610 (2002)
VERNON PARISH POLICE JURY
v.
William C. BUCKLEY, Jr., et al.
No. 02-91.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
Rehearing Denied November 27, 2002.
*611 Edwin L. Cabra, Attorney at Law, Leesville, LA, Counsel for Plaintiff/Appellee: Vernon Parish Police Jury.
Leslie R. Leavoy, Jr., Attorney at Law, Deridder, LA, Counsel for Defendant/Appellant: William C. Buckley, Jr.
C. Kerry Anderson, Deridder, LA, Counsel for Defendant/Appellant: William C. Buckley, Jr.
Court composed of SYLVIA R. COOKS, GLENN B. GREMILLION and ELIZABETH A. PICKETT, Judges.
PICKETT, J.

FACTS
The Vernon Parish Police Jury filed suit against William Buckley, Jr., seeking a judgment which would require him to remove cattle guards and fencing from the road known as Mooneyham Loop. The police jury claimed the road had been tacitly dedicated for public use. Subsequently, Patricia Ann Buckley, Mary Rosetta Hunter Jones, and John Henry Jones, who own property that adjoins Mooneyham Loop, were added as defendants. The police jury amended the petition, alleging that a 50 foot right-of-way had been granted to the police jury for use as a public road by Lee E. Jones, Sr., in 1983 and had been filed into the conveyance records of Vernon Parish. Mary Rosetta Jones and Lee E. Jones are his heirs.
Trial on this matter was held on September 22, 1999. Following the close of the plaintiff's case, the trial court granted an involuntary judgment of dismissal, finding the police jury had not proved that Mooneyham Loop was a public road by tacit dedication pursuant to La. R.S. 48:491 or by formal dedication pursuant to the right-of-way agreement. The police jury appealed that judgment.
This court reversed the judgment of involuntary dismissal. The court found the document granting the right of way was clear and explicit and did not lead to absurd consequences, and thus it must be given effect. The court found that a formal dedication could be made by an act under private signature. They did not reach the issue of tacit dedication, and remanded to the trial court for further proceedings.

DISCUSSION
In the sole assignment of error, the appellants argue the trial court erred in finding that the Mooneyham Loop was a public road by formal dedication to the Vernon Parish Police Jury.
The supreme court discussed Louisiana's scheme of dedication of public roads extensively in St. Charles Parish School Bd. v. P & L Investment Corp., 95-2571, pp. 3 (La.5/21/96); 674 So.2d 218, 221:
A road may be either public or private. La.Civ.Code art. 457. A public road is one that is subject to public use. Id. The public may own the land on which the road is built or may only have the right to use it (a servitude of passage). Id. When a private person owns the land on which a public road is built and the public merely has the right to use it, the land is a private thing subject *612 to public use. A.N. YIANNOPOULOS, PROPERTY § 96, at 206 (2 LOUISIANA CIVIL LAW TREATISE 3d ed.1991). The public may acquire an interest in the land on which a road is built or in the use of a road through purchase, exchange, donation, expropriation, prescription or dedication. YIANNOPOULOS, PROPERTY § 96, at 207.
* * *
Louisiana has never enacted a comprehensive scheme of dedication to public use. Garrett v. Pioneer Production Corporation, 390 So.2d 851, 854 (La. 1980). However, Louisiana courts have recognized four modes of dedication: formal, statutory, implied, and tacit. A landowner may make a formal dedication of a road by virtue of a written act, such as a deed of conveyance to the police jury of the parish. Frierson v. Police Jury of Caddo Parish, 160 La. 957, 107 So. 709 (1926). The written act may be in notarial form or under private signature. YIANNOPOULOS, PROPERTY § 95, at 204-205. A formal dedication transfers ownership of the property to the public unless it is expressly or impliedly retained. YIANNOPOULOS, PROPERTY § 95, at 208-209. If the landowner retains ownership of the property, the public acquires a servitude of public use.
Statutory dedication occurs when a landowner subdivides real estate in accordance with the requirements of La. R.S. 33:5051. In order to effect a statutory dedication, complete and detailed compliance with the statute is not required; substantial compliance will suffice. Garrett, 390 So.2d at 856. La.R.S. 33:5051 provides for the subdivision of real estate into squares or lots with named streets and for the dedication to public use of all streets, alleys, and public squares on the map. A statutory dedication vests ownership in the public unless the subdivider reserves ownership of streets and public places and grants the public only a servitude of use. Arkansas-Louisiana Gas Co. v. Parker Oil Co. Inc., 190 La. 957, 183 So. 229, 238 (1938) (on rehearing).
Implied dedication is a common law doctrine recognized by the courts of this state. Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127, 128 (1943). A dedication by implication consists of the assent of the owner, use by the public, and maintenance by the municipality. Wyatt v. Hagler, 238 La. 234, 114 So.2d 876, 878 (1959). Because implied dedication lacks the formalities and safeguards of formal or statutory dedication, courts have required "a plain and positive intention to give and one equally plain to accept." Carrollton Rail Road Co. v. Municipality No. Two, 19 La. 62, 71 (1841). Courts have also found an implied dedication when the owner of a tract of land subdivides it into lots, designates streets or roads on a map, and then sells the property or any portion of it with reference to the map. James v. Delery, 211 La. 306, 29 So.2d 858, 859 (1947). An implied dedication establishes a servitude of public use. Arkansas-Louisiana Gas Co. Inc., 183 So. at 240; Becnel v. Citrus Lands of Louisiana, Inc., 429 So.2d 459 (La.App. 4th Cir.), writ denied, 437 So.2d 1147 (La. 1983). See, Missouri Pacific Railroad Co. v. City of New Orleans, 46 F.3d 487 (5th Cir.1995).
A tacit dedication of a strip of land for use as a public road occurs when the requirements of La.R.S. 48:491 are met. La.R.S. 48:491 provides, in pertinent part,
B. (1)(a) All roads and streets in this state which have been or hereafter are kept up, maintained, or worked *613 for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.
If a road is maintained for a period of three years by authority of the parish governing authority, the public acquires a servitude of passage by tacit dedication. Robinson v. Beauregard Parish Police Jury, 351 So.2d 113, 115 (La. 1977). Token maintenance or an occasional brushing up of a road is insufficient to establish a tacit dedication for public use. Robinson, 351 So.2d at 115.
The only issue on appeal is whether the document purporting to grant a right of way to the Vernon Parish Police Jury for Mooneyham Loop is valid for the purposes of formal dedication. The trial court ruled that the police jury did not prove tacit dedication by three years of maintenance of the road, and the police jury has not appealed that finding. Statutory dedication and implied dedication do not apply in this case.
The appellants attack the validity of the transfer on three grounds. First, they claim that since it was not in authentic form, it not sufficient for a gratuitous grant of a servitude. Second, they claim that the law required Mary Jones to sign the document as grantor, since the property in question was community property. Finally, they contest the content of the right of way, claiming the right of way was fraudulently obtained, did not describe the servitude with particularity and was altered after it was signed.
The issues involving the content of the document are issues of fact. An appellate court will not reverse a trial court's factual findings unless they are manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Also, many of the issues raised by the appellants were raised in the earlier appeal on the involuntary dismissal. Thus, we must be mindful of the doctrine of law of the case. In Cree Oil Co. v. Home Ins. Co., 94-1219, p. 17 (La.App. 3 Cir. 3/8/95); 653 So.2d 620, 629, writ denied, 95-1554 (La.9/29/95); 660 So.2d 875, this court discussed the law of the case doctrine (quoting Dodson v. Community Blood Center of Louisiana, Inc., 633 So.2d 252, 255 (La. App. 1 Cir.1993), writs denied, 93-3158 (La.3/18/94), 634 So.2d 850 and 93-3174 (La.3/18/94), 634 So.2d 851):
The "law of the case" doctrine applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. See Brumfield v. Dyson, 418 So.2d 21 (La. App. 1st Cir.), writ denied, 422 So.2d 162 (La.1982). This policy applies to parties who were parties to the case when the former decision was rendered and who thus had their day in court. The reasons for the "law of the case" doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). This doctrine is not an inflexible law, thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. It should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly *614 erroneous. Brumfield v. Dyson, 418 So.2d at 22.

Particularity
The appellants argue that the document does not describe the land subject to the servitude with sufficient particularity. No law is cited to support this point. The court and the parties seemed to understand throughout the proceeding where Mooneyham Loop is located. There is no real issue as to which road is at issue and the location of that road. We find no merit in this argument.

Third Parties
The appellants claim the document, which was filed in the public records after Lee E. Jones, Sr., died, purports to encumber the property of third parties, namely the heirs of Mr. Jones. The grant of the servitude is a real obligation. It is heritable. The appellants' brief cites no law to support the proposition that heirs are not burdened by a contract which purports to grant a servitude if the contract is not recorded. This issue was not raised in the trial court. There is no requirement that a document be filed in the public records prior to the grantor's death in order to be effective against the heirs. This argument is without merit.

Forgery/Fraud
The appellants claim the document was altered after it was signed by Mr. Jones. Specifically, they argue that the document originally said the servitude was for 10 feet, but it was changed to 50 feet. To support this contention, they proffered a copy which they claimed was the original document, and the testimony of a witness who claimed the servitude was only for 10 feet. They said they received the copy in the mail from some unknown source. The court refused to allow the document to be introduced since no foundation regarding where the copy originated could be established. We find no error in the trial court's ruling on the admissibility of this document. See La.Code Evid. arts. 1002, 1003. The evidence supports the judge's ruling that the document was not forged, therefore, we further find no manifest error on the trial court's part.

Signature of Mary Jones
Mary Jones, appellant-defendant and wife of Lee E. Jones, Sr., signed the document at issue as a witness, but not as a grantor. The appellants claim this makes the document defective because the property encumbered was community property, and the law in effect in 1983 required that both spouses concur in the alienation of community property. La.Civ. Code art. 2347 or 2349. The alienation of community property by one spouse without the concurrence of the other is a relative nullity. La.Civ.Code art. 2353. A relative nullity may be cured by tacit confirmation, which is the voluntary performance of the obligation. La.Civ.Code arts. 1842, 1844. Since Mary Jones signed the document as a witness, she was aware of the contents. She did nothing to prevent the road from being built, as evidenced by her testimony. She cannot now claim that she meant only to grant a servitude to the Mooneyhams when she signed a document granting a servitude to the police jury. Further, this issue was never argued before the trial court. For these reasons, this argument lacks merit.

Authentic act v. Act under private signature
In the previous appeal on this matter Vernon Parish Police Jury v. Buckley, 00-45, pp. 5-6 (La.App. 3 Cir. 11/2/00); 776 So.2d 17, 20, this court stated:
After reviewing the evidence, we find that the trial court erred in granting the *615 involuntary dismissal based on its finding that the Police Jury failed to establish that it acquired the road by way of a formal dedication. Jones executed a written act under private signature conveying the right of way to the Police Jury, and not the Mooneyhams. The Police Jury further obtained ownership of the property on which the road lies because the dedication did not reserve the ownership of the property to Jones. Since the terms of the document are clear and explicit, and lead to no absurd consequence, the trial court is bound to give legal effect to them as written. Spohrer v. Spohrer, 610 So.2d 849, 852 (La.App. 1 Cir.1992). Accordingly, we find that the evidence presented by the Police Jury was sufficient for it to meet its burden of proof in its case-in-chief to prove, by a preponderance of the evidence, that Mooneyham Loop became a public road pursuant to a formal dedication. Thus, the judgment of the trial court granting the involuntary dismissal of the Police Jury's claim is reversed and the matter is remanded for further proceedings.
The key issue raised by the appellants is whether an act under private signature is sufficient to convey the strip of land at issue here for public use. They argue that it is not sufficient, that an authentic act is required for a gratuitous formal dedication. This proposition would seem to be supported by the law. Article 1536 of the Civil Code requires that any inter vivos donation of immovable or incorporeal things must be passed before a notary and two witnesses. A predial servitude is an incorporeal immovable, so a donation of a predial servitude must meet the requirements of article 1536 unless another provision of law says otherwise.
However, in Professor Yiannopoulos' treatise on Louisiana property, he states that such a requirement in the context of formal dedication would be too cumbersome. Thus, he makes the following statement at YIANNOPOULOS, PROPERTY § 975, at 212 (2 LOUISIANA CIVIL LAW TREATISE 4d ed.2001):
According to the jurisprudence, a formal dedication is a donation to the public that may be made by a written juridical act. Accordingly, neither authentic form nor acceptance of the donation by the public is required.
The supreme court cited this statement in St.Charles when discussing the scheme of dedication in Louisiana. It later noted that the case did not involve formal dedication. Thus, in the context of the supreme court's opinion in St. Charles, the statement that a formal dedication may be made either by authentic act or act under private signature is dicta.
Nevertheless, this court, in its earlier opinion on this case, cited the supreme court's decision in St. Charles to find that an act under private signature is sufficient for a formal dedication. The appellants argue that none of the cases cited in the footnote to the statement made by Yiannopoulos support the proposition that an act under private signature is sufficient for a formal dedication.
The appellant accurately discusses all of these cases in his brief. Some of them have nothing to do with formal dedication. However, Stelly v. Vermilion Parish Police Jury, 482 So.2d 1052, 1054 (La.App. 3 Cir.1986), states:
The act before us is one under private signature, acknowledged by one of the witnesses before a notary public. This purported act of donation of immovable property can be considered as nothing more than an act under private signature duly acknowledged and, as such, is absolutely null as a donation of immovable property. See Sarpy v. Sarpy, 354 *616 So.2d 572 (La.App. 4th Cir.1977), writ denied, 356 So.2d 436 (La.1978). Nonetheless the act as written does constitute a valid grant of a servitude for a public road.
There is, therefore, jurisprudence which supports this court's opinion, in this same matter, that declares an act under private signature is sufficient for a formal dedication. This issue has been addressed and we will not revisit it. We find, therefore, no error in the ruling of the trial court. Costs of this appeal are assessed against the appellant.
AFFIRMED.