SUSAN M. CHEHARDY, Judge.
 

 | ¡This is a dispute over whether a servitude over the plaintiffs’ land properly became dedicated to public use. The plaintiffs assert the defendant landowner wrongfully converted its servitude of access over the plaintiffs’ land to public use by act of dedication to the Parish of Jefferson. The plaintiffs appeal a summary judgment that dismissed their suit for damages for the taking of their property without just compensation. We affirm.
 

 Melkys Hernandez, wife of/and Arturo Santos filed suit on January 3, 2008, against Barataría Park, L.L.C. and the Parish of Jefferson. The plaintiffs alleged they are owners of Lot G-302A, Ames Farms Subdivision, Parish of Jefferson. They purchased Lot G-302A on August 29, 2002, subject to several servitudes referenced in the property’s legal description, including a fifty-foot access and utility servitude in favor of Lot G-302B. Lot G-302B is located behind the plaintiffs’ lot and is an enclosed lot. An ancestor-in-title to the plaintiffs created the servitude in 2001 in an act of resubdivision of the original Lot 302.
 

 The current owner of Lot G-302B, Bara-taría Park, L.L.C., formally dedicated the lot’s servitude over Lot G-302A to the Parish of Jefferson by notarial act in October 2007. The dedication was accepted by the parish council in Resolution No. 108744, adopted on September 19, 2007. In November 2007 | .^Barataría Park began construction of a paved road on the fifty-foot servitude, which the plaintiffs allege effectively converted their land subject to the servitude into a public street for public use.
 

 The plaintiffs alleged the defendants violated their right of due process by failing to give them prior notice of the dedication of the servitude. They further asserted “the servitude as created represented a private use of access to the owner of LOT G-302A [sic]” and did not constitute an access servitude for the general public, so that the plaintiffs’ property was converted from private use to public use without just compensation, in a tortious interference with the use of the remainder of the plaintiffs’ property.
 

 In answer the defendants asserted the servitude was dedicated to public use prior
 
 *202
 
 to the plaintiffs’ acquisition of the property and the plaintiffs purchased the property subject to the servitude. The defendants alleged the plaintiffs were charged by law with knowledge that the property was subject to a fifty-foot public access and utility servitude at the time they acquired the property, and they had actual knowledge of it.
 

 Further, the defendants asserted that the dedication of the servitude and the parish council’s resolution authorizing the dedication were consistent with and in furtherance of the prior dedication of the servitude to public use. The defendants denied that the dedication of the servitude violated the plaintiffs’ right to due process or any other constitutional rights of the plaintiffs. The defendants also asserted that the plaintiffs have sustained no loss of use of any portion of their property as a result of the dedication of the servitude, and that the defendants at all times have used the servitude pursuant to and in compliance with all applicable laws and regulations, and it has not interfered with the plaintiffs’ use of the remainder of the property in any fashion.
 

 |4The defendants filed a motion for summary judgment, attaching' copies of the following documents:
 

 1.Jefferson Parish Council Ordinance No. 21257, approving the resubdivision plan of Tildón J. Dufrene, Jr., dated January 11, 2001, together with the subdivision plan, recorded as Instrument No. 10124989, COB 3052, Folio 385, which stated in pertinent part, “the 50 foot access servitude as shown on said plan is also designated as a utility servitude to allow any private utility access to Lot G-302B,” and “the applicant agrees that no building permit for the development of Lot G-302B will be issued until such time as a hard surfaced roadway is constructed to parish standards for access to lot G-302B.” The attached survey plat shows “50' ACCESS & UTILITY SERVITUDE FOR LOT G-302B” running from the front of Lot G-302A at Barataría Boulevard parallel with and next to the properties’ sideline.
 

 2. Cash Sale by Fairlands Development, Ltd. and Daniel L. Morrow to Thanh-Van Leho, recorded as Instrument No. 10133757, COB 3054, Folio 869, dated June 21, 2001, which states in pertinent part, “Without intention to interrupt or revive the prescription thereof or recognize the validity thereon, the parties hereto take cognizance of the following: 1) Fifty (50’) foot access and utility servitude for Lot G-302B.”
 

 3. Cash Sale by Than-Van Leho to Melkys Hernandez, wife of, and Arturo Santos, recorded as Instrument No. 10253283, COB 3082, Folio 863, dated August 29, 2002, which contains a clause stating, “Without intention to interrupt or revive prescription thereon or recognize the validity thereof, the parties hereto take cognizance of the following: (1) Fifty (50’) foot access and utility servitude for Lot G-302B as shown on Rsurvey of Dufrene Surveying & Engineering, Inc., dated January 11, 2001.”
 

 4. Dedication of Servitude by Barataría Park, L.L.C. to Parish of Jefferson, passed by Barataría Park on October 21, 2007, and accepted by the Parish on November 5, 2007, registered as Instrument No. 10768110, COB 3206, Page 529, dedicated the grantor’s interest in and to the following:
 

 
 *203
 
 The 50 foot wide southernmost portion of LOT G-302A, AMES FARMS SUBDIVISION. All as marked “50' ALAMEDA PARK R.O.W. TO BE DEDICATED TO JEFFERSON PARISH” on a plan by Krebs, La-Salle, LeMieux Consultants, Inc., dated January 10, 2007, a copy of which is annexed hereto and made a part hereof. Being the same servitude granted in favor of Lot G-302B, Ames Farms Subdivision (now Barataría Park Subdivision), per plan by Du-frene Surveying & Engineering, Inc., dated January 11, 2001, approved by Ordinance 21257, registered at COB 3052, folio 385, Entry # 10124989.
 

 In their memorandum in support of the motion for summary judgment, the defendants stated that the servitude in question affords the sole means of access to a public right-of-way, Barataría Boulevard, for the property lying behind and to the east of the plaintiffs’ property, owned by defendant Barataría Park, L.L.C.
 

 After the motion for summary judgment was filed but before it was heard, the plaintiffs filed an amending and supplemental petition in which they asserted that on September 23, 2004, they purchased Lot G-301, Ames Farms Subdivision, the sideline of which bordered the sidelines of Lot G-302A and Lot G-302B, and that the act of sale of Lot G-301 does not refer to the servitude in favor of Lot G-302B burdening Lot G-302A. The plaintiffs alleged that by an ordinance dated June 4, 2004, defendant Barataría Park, L.L.C. re-subdivided Lot G-301 and Lot G-302B into Lots 1-96, Parcels G-301A, Parcels X and Y, and Parcel Z. The | ^plaintiffs asserted that the re-subdivision “destroyed the dominant estate, G-302B and terminated the servitude as created of access across petitioners LOT G-302A.” They complained,
 

 [T]he re-subdivision gives more extensive use of the servitude by allowing those re-subdivided Lots, which comprised former Lot 301, use of the access servitude for the general public, for which the dominant estate did not obtain this more extensive use by acquisitive title as required under La.C.C. art. 760....
 

 The plaintiffs alleged further that the re-subdivision of the property “has novat-ed the obligation due from the servient estate, petitioner’s Lot 302A,” without its consent, “thereby negating and terminating the access servitude originally in favor of former Lot 302B.”
 

 After a hearing the district court granted summary judgment, stating in the judgment, “the plan of resubdivision recorded in the records for the Parish of Jefferson at COB 3052, Folio 385 created a dedication of the fifty foot servitude shown thereon.” The plaintiffs appeal. They make two assignments, the first concerning dedication to public use, the second.concerning extinguishment of the servitude.
 

 DEDICATION TO PUBLIC USE
 

 The plaintiffs first assert the trial court erred in finding there was no genuine issue of fact that the designated plan of resubdivision created a public dedication of the fifty-foot servitude.
 

 Louisiana courts have recognized four modes of dedication: formal, statutory, implied, and tacit.
 
 St. Charles Parish School Bd. v. P & L Inv. Corp,,
 
 95-2571 (La.5/21/96), 674 So.2d 218, 221. The defendants do not argue that either formal or tacit dedication applies; hence, we discuss only statutory or implied dedication.
 

 |7Statutory dedication occurs when a landowner subdivides real estate in accordance with the requirements of La. R.S. 33:5051. In order to effect a statu
 
 *204
 
 tory dedication, complete and detailed compliance with the statute is not required; substantial compliance will suffice. La.R.S. 33:5051 provides for the subdivision of real estate into squares or lots with named streets and for the dedication to public use of all streets, alleys, and public squares on the map. A statutory dedication vests ownership in the public unless the subdivider reserves ownership of streets and public places and grants the public only a servitude of use.
 

 Implied dedication is a common law doctrine recognized by the courts of this state. A dedication by implication consists of the assent of the owner, [and] use by the public....
 
 [1]
 
 Because implied dedication lacks the formalities and safeguards of formal or statutory dedication, courts have required “a plain and positive intention to give and one equally plain to accept.” Courts have also found an implied dedication when the owner of a tract of land subdivides it into lots, designates streets or roads on a map, and then sells the property or any portion of it with reference to the map. An implied dedication establishes a servitude of public use. [Citations omitted.]
 

 Id.,
 
 674 So.2d at 221-222.
 

 The plaintiffs contend there are issues as to whether the servitude created by the Fairlands Development/Daniel L. Morrow act of re-subdivision of original Lot 302, Ames Farms Subdivision, approved by Ordinance No. 21257 of the Jefferson Parish Council, adopted on April 25, 2001, effective May 11, 2001, registered at COB 3052, folio 385, was a statutory dedication under La.R.S. 33:5051.
 

 La.R.S. 33:5051 provides in pertinent part:
 

 |SA. Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of same:
 

 (1) Cause the real estate to be surveyed and platted or subdivided by a licensed land surveyor into lots or blocks, or both, each designated by number.
 

 * * :|:
 

 B. The map referenced in Subsection A of this Section shall contain the following:
 

 [[Image here]]
 

 (3) The designation of each lot or subdivision of a square and its dimensions in feet, feet and inches, or meters.
 

 (4) The name of each street and alley and its length and width in feet, feet and inches, or meters.
 

 
 *205
 
 [[Image here]]
 

 (7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys, and public squares or plats shown on the map to public use.
 

 C. Formal dedication of property as a road, street, alley, or cul-de-sac shall impose no responsibility on the political subdivision in which the property is located until:
 

 (1) The dedication is formally and specifically accepted by the political subdivision through a written certification that the road, street, alley, or cul-de-sac is in compliance with all standards applicable to construction set forth in ordinances, regulations, and policies of the political subdivision, which certification may be made directly on the map which contains the dedication....
 

 The plaintiffs assert that nothing in the language of the 2001 ordinance, either directly or impliedly, dedicates the access servitude to public use pursuant to La.R.S. 33:5051: there is no designation of lots or subdivisions of squares, nor naming of streets and alleys; there is no street name, alleyway or driveways designated for public use. Further, the ordinance clause regarding a hard-surfaced roadway does not refer to a hard-surface roadway for public use, nor does the |nordinance refer to any multiple residential development. There is nothing that would cause the buyer to assume the access servitude would one day be dedicated to public use.
 

 Finally, the plaintiffs point out that at the time Barataría Park enacted its formal dedication of the servitude to the parish, the plaintiffs were the owners of the lot burdened with the servitude, and under La.R.S. 33:5051(A) it is the owner of the real estate who must dedicate the property to public use.
 

 Similarly, the plaintiffs contend the defendants have not met their burden of proof that there was an implied dedication of the access servitude to public use by the ordinance. They argue is no language in the original 2001 ordinance nor in the survey of the Fairfield subdivision that demonstrates the access servitude would be dedicated to the public. The 2001 ordinance only provides that no building permits will be issued until there is a hard surface roadway; it does not manifest an intent to make the roadway a public roadway.
 

 In opposition, the defendants contend that the recordation of the plan of subdivision and ordinance created a statutory dedication of the servitude and, alternatively, that the dedication meets the requirements of an implied dedication under Louisiana law. They assert the dedication took place prior to the plaintiffs’ acquisition of the subject property and does not amount to an unconstitutional taking of their property.
 

 We find that summary judgment was properly granted. The January 11, 2001 resubdivision plan, approved by the parish council in Ordinance No. 21257, and its accompanying documents, were executed prior to the plaintiffs’ purchase of the property and were sufficient to constitute a statutory dedication of the servitude to public use. Further, the evidence offered in support of the motion for summary judgment was sufficient to establish an implied dedication prior to plaintiffs’ hnpurchase of the land, by establishing the combination of “an unequivocally manifested intent to dedicate on the part of the owner and an equally clear intent to accept on the part of the public.”
 
 Cenac v. Public Access Water Rights Ass’n,
 
 2002-2660, p. 6 (La.6/27/03), 851 So.2d 1006, 1011.
 

 
 *206
 
 EXTINGUISHMENT OF SERVITUDE
 

 The plaintiffs’ second assignment of error is that the trial court erred in holding there is no genuine issue of fact that the fifty-foot servitude created by the re-subdivision was not extinguished by the legal destruction of Lot G-302B.
 

 The plaintiffs assert that the access servitude is a predial servitude of right of passage which, pursuant to La.C.C. art. 646, acts as a charge on the servient estate (Lot G-302A) in favor of the dominant estate (Lot G-302B). A servitude of passage is designed to provide an estate which has no access to a public road with such access. La.C.C. art. 689.
 

 The plaintiffs contend the 2004 resubdi-vision of Lot G-301 and Lot G-302B legally and physically destroyed the dominant estate, Lot G-302B, and terminated the servitude of access across the servient estate, Lot G-302A, pursuant to La.C.C. art. 751. Further, they argue the resubdivision gives more extensive use of the servitude by allowing those resubdivided lots that comprised the former Lot G-301 use of the servitude for the general public, for which the dominant estate did not obtain this more extensive use by acquisitive title, as required by La.C.C. art. 760. In addition, they assert that defendant Barataría Park had full access to Barataría Boulevard as the owner of Lot G-301 for Lot G-302B prior to the resubdivision, but chose to resubdivide and then to sell the front portion of former Lot G-301, thereby voluntarily enclosing the remainder of Lot G-301.
 

 The defendants argue the Civil Code articles concerning private servitudes do not govern public servitudes.
 

 lnWe decline to rule on this assignment. The trial court made no ruling on it, and our affirmance of the summary judgment on dedication of the servitude concludes the case.
 

 For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against plaintiffs-appellants.
 

 AFFIRMED.
 

 [1]
 

 . We omit from the quotation language regarding public maintenance as being required evidence of implied dedication; in a later case the supreme court expressly disapproved of public maintenance ás being an element of implied dedication:
 

 The jurisprudence suggesting that maintenance by the municipality is required before an implied dedication can be made is an aberration in our law.... [A]ll that has traditionally been required for an implied dedication is an unequivocally manifested intent to dedicate on the part of the owner and an equally clear intent to accept on the part of the public. While maintenance by the municipality might be a factor in determining whether an implied dedication has in fact been made, it is not required. Any language in our prior cases suggesting such a requirement is erroneous and hereby repudiated.
 

 Cenac v. Public Access Water Rights Ass’n,
 
 2002-2660, p. 7 (La.6/27/03), 851 So.2d 1006, 1012.