STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1218

JOHN HENRY

VERSUS

LOUIS B. MCKINNEY, JR.

**Judgment Rendered:   JUN 0 2 2022**

* * * * * *

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Suit Number 169453

Honorable Erika W. Sledge, Presiding

* * * * * *

Stephen M. Stafford                     Counsel for Plaintiff/Appellant
Walker, LA                              John Henry

Cheryl K. Sibley                        Counsel for Defendant/Appellee
Hammond, LA                             Louis B. McKinney, Jr.

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Holdridge J.  concurs in the result.

**GUIDRY, J.**

In this petitory action, plaintiff, John Henry, appeals a trial court judgment dismissing his Petition for Trespass, Restoration of Possession, Injunctive Relief, Temporary Restraining Order, and Damages with prejudice and granting the petitory action filed by defendant, recognizing Louis B. McKinney, Jr. as the owner of all property he purchased from Eileen Bates McCarroll. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 10, 2021, Henry filed a Petition for Injunctive Relief and Temporary Restraining Order, naming McKinney as defendant. According to the allegations of the petition, Henry is the owner of certain immovable property in Livingston Parish, namely lots numbers 10, 11, 12, and 13 in Square 3 in Tickfaw Broadmoor Extension Subdivision. Henry acquired his ownership interest in the described property by credit deed dated June 18, 1981, and has maintained ownership and possession of said property since that time. According to Henry, a road, referred to as Tickfaw Lane, borders one side of his property, which he uses to access his lots. McKinney owns lots 5, 6, 7, 8, and 9 of Square 3, bordering lot 10 owned by Henry. Henry alleged that McKinney had moved material, including dirt and machinery, into Tickfaw Lane, thereby preventing Henry from having access to any and all of his lots along the same road. Henry asserted that Tickfaw Lane is a public road and pursuant to La. C.C. art. 457, the public, including Henry, has a right to use it. Henry sought an injunction restraining McKinney from interfering with Henry's right to secure access to his property by blocking, constructing on or in any way destroying Tickfaw Lane and sought issuance of a temporary restraining order. The trial court thereafter issued a temporary restraining order on February 19, 2021.

Henry subsequently filed a Supplemental and Amended Petition for Trespass, Restoration of Possession, Injunctive Relief, Temporary Restraining Order and

2

Damages asserting that he was in possession of a 40-foot servitude known as Tickfaw Lane, so designated by the developers of Tickfaw's Broadmoor Extension and located on the plat map recorded in the conveyance records in Livingston Parish. Henry alleged that he had been in possession of the servitude in excess of one year and pursuant to La. C.C. art. 639, he has a right of use of Tickfaw Lane. Alternatively, he alleged that Tickfaw Lane is a public road and, as a member of the public, he has a right to freely use it. Henry sought judgment recognizing his right to possession of the servitude and injunctive relief.

McKinney filed a motion to dissolve temporary restraining order, asserting that he is not obstructing a public right of way, as the Village of Killian abandoned the alleged road in 2002. McKinney further stated that an October 2, 2020 judgment, recorded in the conveyance records, recognized private ownership of a portion of the former right of way. Therefore, McKinney asserted that the temporary restraining order was improperly issued and should be quashed.

A hearing on McKinney's motion to dissolve temporary restraining order was set for March 30, 2021. However, on that date the trial court converted the matter to a petitory action and set the matter for bench trial on May 21, 2021. The trial court also issued a preliminary injunction.

Thereafter, on April 21, 2021, McKinney filed exceptions, an answer and a reconventional demand. In his reconventional demand, McKinney alleged ownership of lots 5, 6, 7, 8, and 9 of Block 3 of Tickfaw's Broadmoor Extension as well as a parcel of ground measuring 40 feet by 300 feet, known as Tickfaw Lane, running along the entirety of the west side of lots 5, 6, 7, 8, and 9 of Square 3. McKinney alleged that he purchased the aforementioned property from Eileen McCarroll on October 14, 2020, via cash deed recorded in the Livingston Parish conveyance records on October 16, 2020, and that McCarroll's ownership of all the above-described property was confirmed via declaratory judgment rendered on

3

October 2, 2020, and recorded that same date. As such, McKinney requested that the court recognize his ownership of the totality of the above-described property, have his possession restored and the preliminary injunction dissolved, and award damages.

Following a trial held on May 21, 2021, the trial court signed a judgment on June 21, 2021, dismissing Henry's petition with prejudice and dissolving the preliminary injunction enjoining McKinney from constructing upon his property, granting McKinney's petitory action, and recognizing McKinney as the owner of all of the property he purchased from McCarroll as shown on the cash deed recorded in the conveyance records, which specifically includes the portion of Tickfaw Lane that was disputed. Henry now appeals from the portion of the trial court's judgment dismissing his Petition for Trespass, Restoration of Possession, Injunctive Relief, Temporary Restraining Order, and Damages.[1]

## DISCUSSION

A predial servitude is a charge on a servient estate for the benefit of the dominant estate. La. C.C. art. 646. Predial servitudes are either apparent or non-apparent.[2] Apparent servitudes are those perceivable by exterior signs, works, or constructions, such as a roadway. La. C.C. art. 707. Apparent servitudes may be acquired by title, destination of the owner, or acquisitive prescription. La. C.C. art.

---

[1] Henry assigned as error the trial court's dismissal of his Petition for Trespass, Restoration of Possession, Injunctive Relief, Temporary Restraining Order, and Damages as well as the trial court's granting of McKinney's petitory action by not adhering to La. C.C. art. 639 and La. C.C.P. art. 3663. However, Henry did not brief any issues related to McKinney's petitory action and in fact stated "[w]hether appellee actually purchased Tickfaw Lane from his predecessor in title, and is the owner of Tickfaw Lane, is irrelevant." Accordingly, we consider the portion of Henry's assignment of error related to the granting of McKinney's petitory action to be abandoned on appeal and limit our review to whether the trial court erred in dismissing Henry's petition.

[2] Henry asserted in the trial court that, pursuant to La. C.C. art. 639, he had a right of use of Tickfaw Lane as a servitude previously created that allows him to access his lots along Tickfaw Lane. However, during the trial, Henry presented evidence, without objection, attempting to establish that Henry had a predial servitude of passage in accordance with La. C.C. art. 740. On appeal, Henry solely relies on La. C.C. art. 740 in asserting that the trial court erred in dismissing his petition because he established a predial servitude. As such, we limit our consideration of Henry's assignment of error to the issue of whether Henry established the existence of a predial servitude of passage.

4

740. A servitude of passage is the right for the benefit of the dominant estate whereby persons, animals, utilities, or vehicles are permitted to pass through the servient estate. La. C.C. art. 705. Whether an apparent servitude has been created is a factual determination reviewed under the manifest-error, clearly wrong standard of review. See Naramore v. Aikman, 17-1621, 17-1622, p. 8 (La. App. 1st Cir. 6/4/18), 252 So. 3d 935, 940.

A servitude acquired by title is an alienation of part of immovable property and as such, the laws governing alienation of immovables apply. La. C.C. art. 708. For a servitude to be created by title, the instrument must be express as to the nature and extent of the servitude. Because servitudes are so disfavored, an ambiguous agreement to establish a servitude is unenforceable. Palomeque v. Prudhomme, 95-0725, p. 8 (La. 11/27/95), 664 So. 2d 88, 93-94. In the instant case, it is undisputed that neither the deed by which Henry acquired lots 10, 11, 12, and 13 in Square 3 in Tickfaw Broadmoor Extension Subdivision nor the map attached to the deed have sufficient language to create a predial servitude by title of Tickfaw Lane. Henry, however, asserts that he acquired a servitude by title because the recording of the 1974 plat map created a predial servitude by implied dedication of Tickfaw Lane.

Louisiana courts have recognized four modes of dedication: formal, statutory, implied, and tacit. Templeton v. Jarreau, 18-0240, p. 7 (La. App. 1st Cir. 9/24/18), 259 So. 3d 356, 361. Statutory dedication occurs when a landowner subdivides real estate in accordance with the requirements of La. R.S. 33:5051. In order to effect a statutory dedication, complete and detailed compliance with the statute is not required; substantial compliance will suffice. Garrett v. Pioneer Production Corp., 390 So. 2d 851, 856 (La. 1980). Louisiana Revised Statute 33:5051 provides for the subdivision of real estate into squares or lots with named streets and for the dedication to public use of all streets, alleys, and public squares on the map. A statutory dedication vests ownership in the public unless the subdivider reserves

5

ownership of streets and public places and grants the public only a servitude of use. St. Charles Parish School Board v. P & L Investment Corporation, 95-2571, p. 5 (La. 5/21/96), 674 So. 2d 218, 222.

Implied dedication, however, is a common law doctrine recognized by the courts of this state. The essential feature of implied dedication is an absence of requisite formalities. Because implied dedication lacks the formalities and safeguards of the other modes of dedication, the two indispensable elements of implied dedication required by the courts are "a plain and positive intention to give and one equally plain to accept." Templeton, 18-0240 at pp. 7-8, 259 So. 3d at 361. Implied dedication gives rise to a servitude of public use and does not transfer ownership. Templeton, 18-0240 at p. 8, 259 So. 3d at 362.

In the instant case, the trial court specifically found that the 1974 plat map was in substantial compliance with La. R.S. 33:5051, resulting in the statutory dedication of any roads, streets, alleys, or cul-de-sacs to the Village of Killian. Henry does not dispute on appeal the trial court's finding that these requisite formalities were present. Therefore, to the extent that the trial court found there was a statutory dedication, which issue was not appealed, we find Henry's argument that he had a servitude of Tickfaw Lane by implied dedication to be without merit. Furthermore, while the public has a servitude of use on land that is subject to statutory dedication, the trial court found that the Village of Killian revoked the statutory dedication pursuant to La. R.S. 48:701 in 2002. Accordingly, to the extent that Henry may have had a servitude of use pursuant to the statutory dedication in 1974, that servitude was extinguished when the Village of Killian revoked the dedication in 2002.[3]

Henry next asserts that he acquired a servitude of Tickfaw Lane by destination

---

[3] We note that Henry did not assign as error the trial court's finding that the Village of Killian revoked the dedication in 2002. Accordingly, we do not address the correctness of the trial court's finding on this issue on appeal.

of the owner. Louisiana Civil Code article 741 provides:

> Destination of the owner is a relationship established between two estates owned by the same owner that would be a predial servitude if the estates belonged to different owners.
>
> When the two estates cease to belong to the same owner, unless there is express provision to the contrary, an apparent servitude comes into existence of right and a nonapparent servitude comes into existence if the owner has previously filed for registry in the conveyance records of the parish in which the immovable is located a formal declaration establishing the destination.

When the single estate is divided, or two estates cease to belong to the same owner, an apparent servitude comes into existence of right unless the common owner disavows its existence. Naramore, 17-1621 at p. 8, 252 So. 3d at 940.

In attempting to establish that he had a servitude of Tickfaw Lane by destination of the owner, Henry relied on the testimony of his expert offered in the areas of abstracts and servitudes, Robert Harrison. Harrison testified at trial that "*if* there is a work, if there was a road—it doesn't have to be an interstate. If it is wide enough to walk down or there was some work, then that of right, according to the civil code, created a servitude of destination in favor of the people that own lots in Square 3." Harrison further stated that "*if* the facts show that there was a work, a road, a path, or whatever it was to get to the back lots where Mr. Henry has, if that was in existence when they started selling out lots in Tickfaw Broadmoor Extension, then that creates a servitude by destination." Accordingly, Harrison's testimony was conditioned upon the finding that there was evidence that there was some work at the time the owner started selling lots in Tickfaw Broadmoor Extension. Harrison defined a "work" as an external sign that the road exists; you can walk out on the ground and see it. Harrison stated that driving a vehicle back and forth for enough years that there are ruts over time qualifies as a work. However, Henry did not present any evidence that any work existed on Tickfaw Lane at the time the lots in Tickfaw Broadmoor Extension were originally sold. Absent evidence that there was

an external sign that a road existed at that time, Henry failed in his burden of establishing that a servitude was created by destination of the owner.

Finally, Henry asserts that he acquired a servitude of Tickfaw Lane by acquisitive prescription. In the instant case, because McKinney asserted ownership of a portion of Tickfaw Lane, McKinney converted Henry's possessory action into a petitory action. In a petitory action, when one party relies on title and the other on acquisitive prescription, the party relying on title will prevail unless the adversary establishes his ownership by acquisitive prescription. George M. Murrell Planting & Manufacturing Company v. Dennis, 06-1341, pp. 4-5 (La. App. 1st Cir. 9/21/07), 970 So. 2d 1075, 1080. Stated another way, ownership of immovable property under record title may be eclipsed and superseded by ownership acquired under prescriptive title. Under the general codal provisions on acquisitive prescription, a possessor lacking good faith and/or just title may acquire prescriptive title to land by corporeally possessing a tract for thirty years with the intent to possess as owner. Such possession confers prescriptive title upon the possessor only when it is continuous, uninterrupted, peaceable, public, and unequivocal, and confers title only to such immovable property as is actually corporeally possessed. See La. C.C. arts. 3424, 3426, 3476, 3486, 3487, and 3488; Falcone v. Springview Country Club, Inc., 96-0794, 96-0795, and 96-0796, p. 5 (La. App. 1st Cir. 3/27/97), 691 So. 2d 314, 316; Brown v. Wood, 451 So. 2d 569, 572 (La. App. 2nd Cir.), writ denied, 452 So. 2d 1176 (La.1984).

In the instant case, the record is devoid of any evidence that Henry possessed Tickfaw Lane as owner. In fact, Henry alleged in his Petition for Injunctive Relief and Temporary Restraining Order that Tickfaw Lane was a public road, and as a member of the public, he had a right to use it. As such, any use and/or possession would be precarious. See La. C.C. art. 3437.

Furthermore, the trial court was presented with conflicting testimony regarding whether Henry's possession was continuous. McCarroll testified that she had not seen Henry on Tickfaw Lane before or after McCarroll acquired the property from the Village of Killian, except for one time when Henry stopped to speak with McCarroll after the McCarrolls purchased Tickfaw Lane. Additionally, McKinney testified that he had lived in Killian for a large portion of his life and regularly visited friends in Tickfaw Broadmoor Extension Subdivision, but he never saw Henry on Tickfaw Lane until after he purchased the property from McCarroll. Conversely, Henry testified at trial that he went down Tickfaw Lane every two to three weeks. This testimony, however, conflicted with his previous testimony wherein he stated that he went down Tickfaw Lane every two to three months. Finally, Josh Steuber, who lived in the area for eight years, testified that he saw Henry on Tickfaw Lane every two weeks cutting the grass on Tickfaw Lane from the boat launch to his property.[4] Accordingly, because the trial court was clearly presented with

---

[4] Henry asserts on appeal that aerial photographs of the property from Google Earth were improperly excluded and that they confirm his use and possession of a right of way over Tickfaw Lane. A decision to admit or exclude evidence is within the sound discretion of the trial court, and its judgment will not be disturbed on appeal in the absence of an abuse of that discretion. Lohenis v. Rousse, 14-1078, p. 11 (La. App. 1st Cir. 3/9/15), 166 So. 3d 1020, 1028. According to the record, the trial court excluded the photographs based upon a finding that they could not be authenticated. Pursuant to La. C.E. art. 901(B)(1), authentication that the matter in question is what its proponent claims can be established by testimony of a witness with knowledge. With regard to photographs, while the better practice dictates that a photograph be verified and authenticated by the photographer who took it, nevertheless, authentication may be accomplished by the testimony of anyone with sufficient knowledge to aver that the picture fairly represents the subject matter it purports to portray. Wallace v. Travelers Insurance Company, 195 So. 2d 712, 718 (La. App. 1st Cir. 1967).

In the instant case, Henry attempted to establish through his testimony that the aerial photographs depicted Tickfaw Lane, but the trial court did not consider his testimony, alone, sufficient for purposes of authentication. From our review of the record and applicable law regarding authentication, we find that the trial court erred in finding that Henry's testimony was insufficient to authenticate photographs depicting his property and Tickfaw Lane and as such, abused its discretion in excluding these photographs from evidence. However, because these photographs, which consisted of aerial photos of the property from November 29, 2011, March 5, 2013, October 31, 2014, August 25, 2015, April 6, 2016, and January 24, 2018, were only from recent years, and the issues at trial and on appeal involve the possession and use of Tickfaw Lane for years prior to Henry's acquisition in 1981 or prior to the dates of the pictures, we find that the trial court's exclusion of these photographs did not affect a substantial right of Henry and amounted to harmless error. See Tilden v. Blanca, L.L.C., 12-1311, p. 9 (La. App. 4th Cir. 6/26/13), 119 So. 3d 962, 966; see also Wright v. Bennett, 04-1944, p. 6 (La. App. 1st Cir. 9/28/05), 924 So. 2d 178, 183.

conflicting testimony on the issue of possession, we cannot say that its reasonable evaluation of credibility was manifestly erroneous or clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So. 2d 880, 882 (La. 1993).

Accordingly, from our review of the record, we find no error in the trial court's judgment dismissing Henry's Petition for Trespass, Restoration of Possession, Injunctive Relief, Temporary Restraining Order, and Damages.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of the appeal are assessed to John Henry.

**AFFIRMED.**